FILED

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 29 2026

ERIK PALTROW
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM B. EVERTSEN,                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )          No. 26-CV-2076
                                        )
BETTER DEBT SOLUTIONS LLC;              )
RANGE VIEW MANAGEMENT LLC               )
   d/b/a LENDVIA;                       )
BETTER COMPANIES LLC;                   )
LENDVIA LLC;                            )
MN MGMT LLC;                            )
RC MGMT LLC;                            )
MOHAMMAD "MATT"                         )
   GHAFARINIA; and                      )
ARSALAN GHANBARI,                       )
                                        )
        Defendants.                     )

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

**I. NATURE OF THE ACTION**

Plaintiff William B. Evertsen ("Plaintiff") brings this action for damages, injunctive relief, and

any other available legal or equitable remedies resulting from the illegal actions of Defendants

Better Debt Solutions LLC, Range View Management LLC d/b/a Lendvia, Better Companies LLC,

Lendvia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad "Matt" Ghafarinia, and Arsalan

Ghanbari (collectively, "Defendants") in negligently, willfully, and continuously contacting

Plaintiff on Plaintiff's telephone in violation of the federal Telephone Consumer Protection Act,

47 U.S.C. § 227 ("TCPA"), and its implementing regulations, and the New Mexico Unfair

Page 1

Practices Act, NMSA 1978, §§ 57-12-1 to 57-12-26 ("NMUPA"), thereby harassing Plaintiff and invading his privacy.

1.  This case involves an aggressive telemarketing campaign by Defendants to sell loan and debt-relief products to Plaintiff without the consent required to contact him.

2.  Defendants have been warned of their unlawful conduct by Plaintiff, who demanded that the calls stop, and by numerous other plaintiffs across the country who have brought similar actions against Defendants.

3.  Despite these warnings, Defendants did not stop, and they continue to contact Plaintiff in violation of federal and New Mexico law, leaving Plaintiff no choice but to bring this action for, among other remedies, damages and injunctive relief.

4.  Unless otherwise stated, Plaintiff alleges that Defendants' violations were knowing and willful, that Defendants did not adequately train their employees, agents, and other personnel on the requirements of the TCPA and the NMUPA, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

5.  Unless otherwise indicated, any reference to a named Defendant in this Complaint includes that Defendant's agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

6.  Plaintiff alleges as follows based on personal knowledge as to Plaintiff's own acts and experiences, and on information and belief as to all other matters.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's TCPA claims under 28 U.S.C. § 1331 because those claims arise under the laws of the United States, specifically 47 U.S.C. § 227. See *Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012)*.

8. This Court has supplemental jurisdiction over Plaintiff's NMUPA claim under 28 U.S.C. § 1367(a) because that claim is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

9. In the alternative, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as set forth in the Parties section below.

10. This Court has personal jurisdiction over the entity Defendants because they transacted business within New Mexico and committed acts, or caused acts to be committed, within New Mexico within the meaning of New Mexico's long-arm statute, NMSA 1978, § 38-1-16, by directing telemarketing calls into this State and to Plaintiff, and because that conduct caused tortious injury to Plaintiff in New Mexico.

11. The exercise of personal jurisdiction comports with due process. Specific jurisdiction exists where a defendant purposefully directs its activities at residents of the forum and the plaintiff's injuries arise out of or relate to those activities. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063 (10th Cir. 2008)*. A telemarketer that directs the same type of solicitation calls at residents of the forum is subject to personal jurisdiction there for a resident's claim, and the area code of the number called does not defeat jurisdiction. *Hood v. American Auto Care, LLC,*

*21 F.4th 1216 (10th Cir. 2021)*; see *Ford Motor Co. v. Montana Eighth Judicial District Court, 141 S. Ct. 1017 (2021)*.

12. Upon information and belief, Defendants direct the same prerecorded loan and debt-relief solicitation campaign at residents of New Mexico generally. Plaintiff, a New Mexico resident, received the calls in New Mexico and was injured there. The New York area code of Plaintiff's number does not change that Plaintiff received the calls and suffered his injury in this State.

13. This Court has personal jurisdiction over Defendants Mohammad "Matt" Ghafarinia and Arsalan Ghanbari because, upon information and belief, each purposefully directed the prerecorded telemarketing campaign into New Mexico, selected New Mexico as a market into which Defendants' calls would be placed, and personally benefited from the campaign's activity in New Mexico, such that the exercise of jurisdiction over each comports with due process. See *Walden v. Fiore, 571 U.S. 277 (2014)*; *Dudnikov, 514 F.3d 1063*.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, where Plaintiff received Defendants' calls at his residence in Luna County, New Mexico.

### III. PARTIES

15. Plaintiff William B. Evertsen is a natural person and a citizen of the State of New Mexico who resides in Deming, Luna County, New Mexico, within this judicial District.

16. Defendant Better Debt Solutions LLC ("Better Debt Solutions") is a limited liability company formed under the laws of the State of California, with a principal place of business at 2525 Main Street, Suite 500, Irvine, California. Upon information and belief, Better Debt Solutions

Page 4

markets and offers the debt-relief products that were the subject of Defendants' telemarketing calls to Plaintiff.

17. Defendant Range View Management LLC, doing business as Lendvia ("Range View"), is a limited liability company formed under the laws of the State of Wyoming, with a principal place of business at 15303 Ventura Boulevard, Suite 1190, Sherman Oaks, California. Upon information and belief, Range View is the entity that operated the dialing and message-delivery system used to place, or to cause to be placed, the prerecorded telemarketing calls to Plaintiff alleged in this Complaint. According to its own website, Lendvia is a name under which Range View markets personal loans and debt-relief products.

18. Defendant Lendvia LLC is a limited liability company formed under the laws of the State of California, with a principal place of business at 2525 Main Street, Suite 420, Irvine, California. Upon information and belief, Lendvia LLC markets and offers the personal loan and debt-relief products that were the subject of Defendants' telemarketing calls to Plaintiff.

19. Defendant Better Companies LLC ("Better Companies") is a limited liability company formed under the laws of the State of California, with a principal place of business at 2525 Main Street, Suite 500, Irvine, California. Upon information and belief, Better Companies is a member, manager, or both of Defendant Better Debt Solutions LLC.

20. Defendant MN MGMT LLC ("MN MGMT") is a limited liability company formed under the laws of the State of California. Upon information and belief, MN MGMT is a member, manager, or both of Defendant Lendvia LLC and Defendant Better Debt Solutions LLC.

21. Defendant RC MGMT LLC ("RC MGMT") is a limited liability company formed under the laws of the State of California. Upon information and belief, RC MGMT is a member, manager, or both of Defendant Lendvia LLC and Defendant Better Debt Solutions LLC.

22. Defendant Mohammad "Matt" Ghafarinia ("Ghafarinia") is a natural person who, upon information and belief, is a citizen of the State of California. Upon information and belief, Ghafarinia is a member, manager, or both of MN MGMT and, through that entity, of Defendants Lendvia LLC, Better Companies LLC, and Better Debt Solutions LLC.

23. Defendant Arsalan Ghanbari ("Ghanbari") is a natural person who, upon information and belief, is a citizen of the State of California. Upon information and belief, Ghanbari is a member, manager, or both of RC MGMT and, through that entity, of Defendants Lendvia LLC, Better Companies LLC, and Better Debt Solutions LLC.

24. Each Defendant is a "person" within the meaning of 47 U.S.C. § 153(39).

25. Upon information and belief, every member of each Defendant limited liability company is a citizen of the State of California, and no Defendant is a citizen of the State of New Mexico. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants.

26. Upon information and belief, Defendants operated as a common enterprise in conducting the telemarketing campaign alleged in this Complaint, sharing common ownership and control through Defendants Ghafarinia and Ghanbari and the management entities MN MGMT and RC MGMT, sharing a principal place of business, marketing the same loan and debt-relief products, and routing Defendants' calls and callback numbers to the same operation. Range View placed or caused the calls to be placed with the actual authority of, at the direction of,

and for the benefit of the other Defendants, each of which directly participated in, authorized, and controlled the campaign or the entity that conducted it.

27. Upon information and belief, Defendants Ghafarinia and Ghanbari directly participated in, authorized, and controlled the telemarketing campaign alleged in this Complaint. As the controlling members and managers of the entities that conducted the campaign, they directed and authorized the placement of the prerecorded telemarketing calls, selected the markets, including New Mexico, into which those calls were directed, controlled the operation of the dialing and message-delivery systems, and personally benefited from the revenues the campaign generated. Ghafarinia and Ghanbari were the guiding spirits and central figures of the campaign.

## IV. STATUTORY BACKGROUND
### A. The Telephone Consumer Protection Act

28. In 1991, Congress enacted the TCPA in response to widespread complaints about intrusive telemarketing practices, finding that automated and prerecorded telephone calls were a nuisance and an invasion of privacy.

29. The TCPA makes it unlawful to make any call, other than for emergency purposes or with the prior express consent of the called party, using an artificial or prerecorded voice to deliver a message to any telephone number assigned to a cellular telephone service. *47 U.S.C. § 227(b)(1)(A)(iii)*. This prohibition applies independently of whether the call is placed using an automatic telephone dialing system; a call that delivers an artificial or prerecorded voice message violates the statute regardless of the dialing equipment used.

30. The prior express consent that the TCPA requires is the consent of the called party, given before the call is placed. Consent and the existence of an established business relationship are affirmative defenses, and the caller bears the burden of establishing them.

31. The TCPA provides a private right of action to recover actual monetary loss or $500 in damages for each violation of Section 227(b) or its implementing regulations, whichever is greater. A court may increase the award up to three times that amount if it finds that the defendant willfully or knowingly violated the statute. *47 U.S.C. § 227(b)(3).*

32. The TCPA also directed the Federal Communications Commission to protect the privacy rights of telephone subscribers, and the resulting regulations prohibit telephone solicitations to residential subscribers who have registered their numbers on the National Do-Not-Call Registry. *47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).* The Commission has determined that wireless subscribers who place their numbers on the National Do-Not-Call Registry are treated as residential subscribers.

33. A person who has received more than one telephone solicitation within any twelve-month period in violation of the regulations prescribed under Section 227(c), including 47 C.F.R. § 64.1200(c)(2), has a private right of action to recover the greater of his actual monetary loss or up to $500 per violation, which a court may increase to up to $1,500 per violation for willful or knowing violations. *47 U.S.C. § 227(c)(5).*

34. The implementing regulations also require entities that engage in telemarketing to institute procedures for maintaining an internal do-not-call list and to honor do-not-call requests. *47 C.F.R. § 64.1200(d).*

35. A corporate officer who directly participates in or personally authorizes conduct that violates the TCPA may be held personally liable. See, e.g., *Texas v. American Blastfax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001).*

### B. The New Mexico Unfair Practices Act

36. The New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to 57-12-26, prohibits unfair or deceptive trade practices and unconscionable trade practices in the conduct of trade or commerce. *NMSA 1978, § 57-12-3.*

37. The NMUPA specifically regulates telephone solicitation sales. It is unlawful to use an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded message to solicit a person to purchase goods or services unless there is an established business relationship between the persons and the person being called consents to hear the prerecorded message. *NMSA 1978, § 57-12-22(A).*

38. It is unlawful under the NMUPA to make a telephone solicitation for the purchase of goods or services without disclosing, within fifteen seconds of the time the person called answers, the name of the sponsor and the primary purpose of the contact. *NMSA 1978, § 57-12-22(B)(1).*

39. It is unlawful under the NMUPA to make a telephone solicitation of a residential subscriber whose telephone number has been on the National Do-Not-Call Registry for at least three months before the call is made, and to use a method to block or otherwise intentionally circumvent a residential subscriber's caller identification service. *NMSA 1978, § 57-12-22(C)(1), (C)(2).*

40. The prohibitions of Section 57-12-22 apply to telephone solicitations made to cellular telephone numbers, and are not limited to landlines. See *Mohon v. Agentra LLC, 400 F. Supp. 3d 1189 (D.N.M. 2019)*.

41. A violation of Section 57-12-22 is a violation of the NMUPA. *NMSA 1978, § 57-12-24*.

42. The NMUPA provides a private right of action. A person who suffers loss as a result of an unfair or deceptive trade practice may recover actual damages or one hundred dollars ($100), whichever is greater. If the trier of fact finds that the practice was willful, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater. The court shall award reasonable attorney fees and costs to a prevailing complaining party. *NMSA 1978, § 57-12-10*.

43. New Mexico does not maintain a separate state do-not-call list and relies on the National Do-Not-Call Registry. Registration on the National Do-Not-Call Registry is sufficient for protection under both federal law and the NMUPA.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff and His Cellular Telephone Line

44. Plaintiff incorporates by reference all allegations set forth above as though fully set forth herein.

45. At all times relevant to this Complaint, Plaintiff maintained and used a cellular telephone line assigned the telephone number (212) 365-8702 (the "Cellular Line").

46. Plaintiff is the subscriber, account holder, and sole customary user of the Cellular Line. The Cellular Line is a personal line. It is not associated with any business and is used by Plaintiff for personal, residential purposes.

47. Plaintiff received the calls at issue on the Cellular Line while physically present at his residence in Deming, Luna County, New Mexico.

48. On January 19, 2012, Plaintiff registered the Cellular Line on the National Do-Not-Call Registry, where it has remained at all times since. A true and correct copy of Plaintiff's registration confirmation is attached as Exhibit 1.

49. Plaintiff registered the Cellular Line on the National Do-Not-Call Registry in order to obtain relief from unwanted and intrusive telemarketing calls.

### B. Defendants and Their Telemarketing Operation

50. Defendants are engaged in the business of marketing and selling consumer financial products, including personal loans and debt-relief services.

51. Defendants market these products to consumers through telemarketing, including by delivering prerecorded voice messages to consumers' cellular telephones.

52. Lendvia is a name under which Range View markets these products, and Defendants Lendvia LLC and Better Debt Solutions LLC market the loan and debt-relief products that are the subject of the calls to Plaintiff.

53. Defendants have been named in numerous other actions across the country alleging the same or similar unlawful telemarketing practices, including, but not limited to, *Rutila v. Range View Management LLC, No. 2:25-cv-10839-TGB-KGA (E.D. Mich.)*; *Aurandt v. Range View*

*Management LLC, No. 3:25-cv-05785-BHS (W.D. Wash.)*; and *Hubbuch v. Better Debt Solutions LLC, No. 2:26-cv-02389-PKC-TAM (E.D.N.Y.).*

### C. The Calls to Plaintiff

54. Beginning on or about January 28, 2026, and continuing through the date of this Complaint, Plaintiff has received a sustained campaign of telemarketing calls on the Cellular Line soliciting loan and debt-relief products.

55. The calls are frequent, often occurring several times per week and at times more than once in a single day. As of the date of this Complaint, Plaintiff has documented at least eighty-two (82) such calls, the most recent on June 24, 2026. The calls have not stopped and continue to the present.

56. The following calls are representative of the calls Plaintiff received, identified by date, approximate time in Mountain Time, and the originating telephone number displayed:

    a.   January 28, 2026, at approximately 5:41 p.m., from 614-503-4018;

    b.   February 5, 2026, at approximately 3:04 p.m., from 716-633-3600;

    c.   March 3, 2026, at approximately 10:21 a.m., from 530-999-2415;

    d.   March 30, 2026, at approximately 9:42 a.m., from 404-301-9123;

    e.   April 21, 2026, at approximately 2:58 p.m., from 607-213-1376;

    f.   May 1, 2026, at approximately 2:27 p.m., from 646-566-6330;

    g.   June 1, 2026, at approximately 1:59 p.m., from 908-365-0992;

    h.   June 19, 2026, at approximately 5:52 p.m., from 304-803-8195.

The calls are reflected in Plaintiff's telephone carrier records.

57. Many of the calls deliver a message in an artificial or prerecorded voice. The messages follow the same template across calls, but rotate the fabricated persona that purports to be speaking. Personas Plaintiff has recorded include "Kylie Kensington," "Blake Morgan," and "Michelle Cummings." A representative message states, in a voice identifying itself by such a persona:

> *I was reviewing your file today, and there was something that caught my attention based on the information available to me. You are qualified for up to thirty-six thousand dollars at 5.99 percent, with payments around 580 per month or about 290 dollars bi-weekly. Dial one now or call me at 888-310-1184. . . . Press 9 to opt out. . . . Based on the phone number you are calling from, we have located an account or application associated with this number. Press 2 for updates regarding a pending application loan review.*

58. The prerecorded messages direct the recipient to call a toll-free number to pursue the solicited loan, and that number rotates from message to message. Numbers Plaintiff has recorded include, but are not limited to, (888) 310-1184, (855) 883-0518, and (844) 515-1667.

59. The prerecorded messages do not identify, within the first fifteen seconds or at any point, the entity actually responsible for the call. The persona that purports to be speaking is fabricated and changes from call to call.

60. When Plaintiff has remained on the line after a prerecorded message, a live representative has come on and identified the operation by a trade name that changes from call to call. On documented calls, representatives have identified the operation under names including "Providence Personal Lending," "United Financial Services," and "Secure One."

61. The live representatives have falsely asserted that Plaintiff "recently inquired about a personal loan" and that an "account or application" is "associated with" the Cellular Line. Plaintiff made no such inquiry and submitted no such application.

62. The calls are placed using originating telephone numbers that are spoofed and that rotate from call to call. Plaintiff's seventy-nine documented calls were displayed as originating from numbers spanning forty-six different area codes.

63. The displayed originating numbers include tightly sequential blocks sharing the same area code and prefix, indicative of an automated operation cycling through a pool of numbers rather than calls from distinct, legitimate lines. These include calls from 585-252-6766, 585-252-6794, 585-252-6795, 585-252-6797, and 585-252-6826, and from 518-246-3020, 518-246-3024, 518-246-3093, and 518-246-3125.

### D. Attribution to Defendants

64. Upon information and belief, the calls described above were placed by Defendants, or by others acting on Defendants' behalf and at their direction, as part of Defendants' telemarketing campaign to sell loan and debt-relief products.

65. The products solicited in the calls, personal loans and debt-relief services, are the products that Defendants market and sell, as alleged above.

66. The calls follow a recurring method of operation: a prerecorded loan-approval message delivered by a fabricated persona, a live representative who identifies the operation by a shifting trade name, originating caller identification that is spoofed and rotated, and a toll-free number that the recipient is directed to call. Upon information and belief, this is the same method of operation that these Defendants employed in the Rutila, Aurandt, and Hubbuch actions identified above.

67. The prerecorded messages direct recipients to call a variety of toll-free numbers. A callback number embedded in an automated message must route to the operation that placed the calls

in order to serve its purpose of generating return contact. Upon information and belief, the toll-free numbers route to, and are controlled by or on behalf of, Defendants' operation. Plaintiff will confirm the subscriber and routing of those numbers through subpoenas to the toll-free Responsible Organizations of record.

68. Upon information and belief, the trade names by which live representatives have identified the operation are names used by or on behalf of Defendants in the course of the campaign and do not correspond to any independent entity responsible for the calls.

69. Defendant Better Debt Solutions, through an agent identifying himself in writing as Eric Macias of Better Debt Solutions, contacted Plaintiff and stated that he would be Plaintiff's point of contact going forward.

70. Upon information and belief, the communication described in the preceding paragraph confirms that Better Debt Solutions is among the entities responsible for, and benefiting from, the telemarketing campaign directed at Plaintiff.

71. Defendants market both loan products and debt-relief products, and the campaign directed at Plaintiff encompassed both. Upon information and belief, the prerecorded loan solicitations and Better Debt Solutions' debt-relief outreach to Plaintiff are components of a single, coordinated telemarketing operation conducted by Defendants as a common enterprise.

72. Defendant Range View is the entity that operated, or caused to be operated, the dialing and message-delivery system used to place the calls, as alleged above. Upon information and belief, the remaining Defendants market the solicited products, control and direct the operation, or both, and acted as a common enterprise and as agents of one another in conducting the campaign, as alleged in the Parties section above.

### E. Absence of Consent and of Any Business Relationship

73. Before Defendants began placing the calls described above, Plaintiff had no relationship of any kind with any Defendant and had never heard of Defendants.

74. Plaintiff never provided prior express consent, in any form, for Defendants or anyone acting on their behalf to place calls to the Cellular Line.

75. Plaintiff never submitted the Cellular Line's number to Defendants, to any of Defendants' websites, or to any of Defendants' affiliates or marketing partners, and never requested information about Defendants' products.

76. At no time did any established business relationship exist between Plaintiff and any Defendant.

77. Plaintiff did not want Defendants' calls and took steps to stop them, including registering the Cellular Line on the National Do-Not-Call Registry years before the calls began and demanding that Defendants cease calling. Defendants continued, and continue, to place calls to the Cellular Line notwithstanding.

### F. Harm to Plaintiff

78. Defendants' calls invaded Plaintiff's privacy and seclusion, occupied and disrupted the Cellular Line, caused Plaintiff to waste time receiving and addressing the calls and messages, depleted the Cellular Line's resources, and caused Plaintiff aggravation and nuisance.

79. Defendants' calls were a nuisance and an invasion of the privacy that Plaintiff sought to protect by registering the Cellular Line on the National Do-Not-Call Registry.

80. The calls are continuing, and absent injunctive relief, Plaintiff remains subject to ongoing and future violations.

## VI. CAUSES OF ACTION

### COUNT I: Telephone Consumer Protection Act (Artificial or Prerecorded Voice), 47 U.S.C. § 227(b)(1)(A)(iii)

81. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

82. The Cellular Line is a telephone number assigned to a cellular telephone service within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

83. Defendants, and those acting on their behalf and at their direction, made or caused to be made calls to the Cellular Line that delivered a message using an artificial or prerecorded voice, as alleged above.

84. None of these calls were made for an emergency purpose.

85. Plaintiff did not give prior express consent for any Defendant, or anyone acting on a Defendant's behalf, to place these calls to the Cellular Line.

86. Each call to the Cellular Line that used an artificial or prerecorded voice, made without Plaintiff's prior express consent and not for an emergency purpose, violated 47 U.S.C. § 227(b)(1)(A)(iii).

87. Range View placed or caused these calls to be placed, and the remaining Defendants are liable because they directly participated in, authorized, and controlled the campaign, and because the calls were placed with their actual authority, at their direction, and for their benefit by their agents and co-participants in the common enterprise alleged above. Defendants Ghafarinia and Ghanbari are personally liable for their direct participation in, authorization of, and control over the campaign.

88. As a result of each violation, Plaintiff is entitled to recover the greater of his actual monetary loss or $500 in statutory damages under 47 U.S.C. § 227(b)(3)(B).

89. Defendants' violations were willful and knowing. Defendants conducted the campaign deliberately, used rotating personas, rotating trade names, and spoofed caller identification to evade identification and call-blocking, continued after Plaintiff demanded that the calls stop, despite Plaintiff's registration on the National Do-Not-Call Registry, and have been the subject of numerous prior actions placing them on notice that the conduct is unlawful. Plaintiff is therefore entitled to have the damages for each violation increased to $1,500 under 47 U.S.C. § 227(b)(3).

**COUNT II: Telephone Consumer Protection Act (Do-Not-Call), 47 U.S.C. § 227(c)**

90. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

91. The Cellular Line has been registered on the National Do-Not-Call Registry since January 19, 2012, more than three months before any call at issue, and remained registered throughout the period of the calls.

92. Plaintiff uses the Cellular Line for personal, residential purposes and is a residential subscriber entitled to the protections the regulations afford such subscribers. A wireless subscriber who registers a number on the National Do-Not-Call Registry is entitled to those protections.

93. The calls described above were telephone solicitations made to encourage Plaintiff's purchase of Defendants' loan and debt-relief products.

94. Defendants, and those acting on their behalf, made more than one telephone solicitation to the Cellular Line within a twelve-month period in violation of the regulations prescribed under 47 U.S.C. § 227(c), including 47 C.F.R. § 64.1200(c)(2).

95. Defendants further failed to institute and honor the internal do-not-call procedures required of telemarketers under 47 C.F.R. § 64.1200(d), notwithstanding that Defendants' own messages purported to offer an opt-out.

96. Range View placed or caused these calls to be placed, and the remaining Defendants are liable because they directly participated in, authorized, and controlled the campaign, and because the calls were placed with their actual authority, at their direction, and for their benefit by their agents and co-participants in the common enterprise alleged above. Defendants Ghafarinia and Ghanbari are personally liable for their direct participation in, authorization of, and control over the campaign.

97. Under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to recover the greater of his actual monetary loss or $500 for each such violation, increased to $1,500 for each violation because Defendants' violations were willful and knowing.

**COUNT III: New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-3, 57-12-22, 57-12-24**

98. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

99. Defendants engaged in trade and commerce in New Mexico by directing telephone solicitations to Plaintiff in this State to sell loan and debt-relief products. The calls were telephone solicitations within the meaning of NMSA 1978, § 57-12-22.

100. Defendants violated NMSA 1978, § 57-12-22(A) by using an automated telephone dialing system with a prerecorded message to solicit Plaintiff to purchase goods or services without an established business relationship and without Plaintiff's consent to hear the prerecorded message.

101. Defendants violated NMSA 1978, § 57-12-22(B)(1) by making telephone solicitations without disclosing, within fifteen seconds of Plaintiff's answering, the name of the sponsor and the primary purpose of the call, instead delivering fabricated personas and shifting trade names.

102. Defendants violated NMSA 1978, § 57-12-22(C)(1) by making telephone solicitations to Plaintiff, a residential subscriber whose number had been on the National Do-Not-Call Registry for far more than three months before the calls.

103. Defendants violated NMSA 1978, § 57-12-22(C)(2), and independently engaged in an unfair and deceptive trade practice under NMSA 1978, § 57-12-3, by using methods to block or intentionally circumvent Plaintiff's caller identification service, including by transmitting spoofed and rotating originating numbers.

104. Defendants further engaged in unfair and deceptive trade practices under NMSA 1978, § 57-12-3 by falsely representing that Plaintiff had inquired about a loan and that an account or application was associated with the Cellular Line.

105. Each violation of Section 57-12-22 is a violation of the Unfair Practices Act. NMSA 1978, § 57-12-24. The prohibitions of Section 57-12-22 apply to solicitations made to Plaintiff's cellular telephone. See *Mohon v. Agentra LLC, 400 F. Supp. 3d 1189 (D.N.M. 2019)*.

106. Range View placed or caused these calls to be placed, and the remaining Defendants are liable because they directly participated in, authorized, and controlled the campaign, and

because the calls were placed with their actual authority, at their direction, and for their benefit by their agents and co-participants in the common enterprise alleged above. Defendants Ghafarinia and Ghanbari are personally liable for their direct participation in, authorization of, and control over the campaign.

107.    Under NMSA 1978, § 57-12-10, Plaintiff is entitled to recover the greater of his actual damages or $100 for each violation, increased to the greater of three times actual damages or $300 for each violation because Defendants' conduct was willful, together with reasonable attorney fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff William B. Evertsen respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief:

A. A declaration, pursuant to 28 U.S.C. § 2201, that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to 57-12-26;

B. On Count I, statutory damages of $500 for each call that used an artificial or prerecorded voice, increased to $1,500 for each such call as a willful or knowing violation, under 47 U.S.C. § 227(b)(3);

C. On Count II, statutory damages of $500 for each telephone solicitation made in violation of the do-not-call regulations, increased to $1,500 for each such violation as a willful or knowing violation, under 47 U.S.C. § 227(c)(5);

D. On Count III, the greater of Plaintiff's actual damages or $100 for each violation of the New Mexico Unfair Practices Act, increased to the greater of three times actual damages or $300 for each violation as a willful violation, together with reasonable attorney fees and costs, under NMSA 1978, § 57-12-10;

E. A permanent injunction prohibiting Defendants, and all those acting in concert with them, from placing further telemarketing calls to the Cellular Line or to Plaintiff;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Plaintiff's costs of suit; and

H. Such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

William B. Evertsen
Plaintiff Pro Se
1300 South Sandburg Drive
Deming, New Mexico 88030
Telephone: (212) 365-8702
Email: will.evertsen@gmail.com

Dated: **June 29, 2026**

# Exhibit 1

 Gmail

**Will Evertsen <will.evertsen@gmail.com>**

## National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: will.evertsen@gmail.com

Thu, Jun 4, 2026 at 6:39 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 8702 on January 19, 2012. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Evertsen, William B.

**DEFENDANTS**

Better Debt Solutions LLC, et al.

**(b)** County of Residence of First Listed Plaintiff    Luna, New Mexico, US
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se Plaintiff (212) 365-8702
1300 South Sandburg Drive, Deming, New Mexico, 88030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☒ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227; NMSA 1978 §§ 57-12-1 to 57-12-26

Brief description of cause:
Violation of the TCPA and its implementing regulations, and the NMUPA and its implementing regulations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
06/29/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____