Brent R. Phillips (NM Federal Bar No. 23-268)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendants
BETTER DEBT SOLUTIONS LLC; RANGE
VIEW MANAGEMENT LLC d/b/a LENDVIA;
BETTER COMPANIES LLC; LendVia, LLC;
MN MGMT LLC; RC MGMT LLC;
MOHAMMAD GHAFARINIA; ARSALAN
GHANBARI

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

## (LAS CRUCES DIVISION)

| | |
|---|---|
| WILLIAM EVERTSEN;<br><br>Plaintiff;<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC;<br>RANGE VIEW MANAGEMENT LLC d/b/a<br>LENDVIA; BETTER COMPANIES LLC;<br>LENDVIA, LLC; MN MGMT LLC; RC<br>MGMT LLC; MOHAMMAD<br>GHAFARINIA; ARSALAN GHANBARI<br><br>Defendants. | **Case No.: 2:26-cv-02076-GJF-KRS** |

**DEFENDANTS BETTER DEBT SOLUTIONS LLC, RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA, BETTER COMPANIES LLC, LENDVIA, LLC, MN MGMT LLC, AND RC MGMT LLC'S UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT**

Defendants Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia,

Better Companies LLC, LendVia LLC, MN MGMT LLC, and RC MGMT LLC, (collectively

1

"Defendants") by and through undersigned counsel, respectfully request this Court set aside the Clerk's Entry of Default filed on July 23, 2026 in this matter:[1]

## I.    INTRODUCTION

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. Here, good cause exists because Defendants' failure to respond was the result of excusable neglect rather than willful conduct, Plaintiff will not be prejudiced by setting aside the default, and Defendants have asserted meritorious defenses that warrant resolution on the merits. Accordingly, the Clerk's Entry of Default should be set aside, and Defendants should be permitted to defend this action on the merits.

## II.    BACKGROUND

Plaintiff filed this action alleging violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 and New Mexico Unfair Practices Act ("NMUPA"), NMSA 1978 §§ 57-12-1 to 57-12-2. ECF. No. 1. On June 30, 2026, Defendants Better Companies, LLC, Better Debt Solutions, LLC, Lendvia LLC, MN MGMT LLC, Range View Management LLC, RC MGMT LLC, and Mohammed Ghafarinia were served. ECF Nos. 8-14. An answer for the served Defendants was due on July 21, 2026. To date, Defendant Arsalan Ghanbari has not been served.

On July 22, 2026, Plaintiff filed a Motion for Entry of Default Against the Corporate Defendants only. ECF No. 15. On July 23, 2026, the Clerk's Entry of Default was filed. ECF No. 16.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The "good cause" standard affords courts considerable

---

[1]As required by D.N.M. LR Civ. 7.1(a), Defendants conferred with Plaintiff via telephone conference on July 31, 2026. Plaintiff does not oppose the instant motion.

2

discretion and is more lenient than the standard governing relief from a default judgment. *Dogs Deserve Better, Inc. v. New Mexico Dogs Deserve Better, Inc.*, No. CIV 13-0592 JB/GBW, 2016 WL 6396392, at *16 (D.N.M. Oct. 12, 2016) ("The motion to set aside a default entry may be granted for 'good cause shown,' which gives a court greater freedom in granting relief than is available in the case of default judgments.").

The Court analyzes three factors: "(1) whether the default was willful, (2) whether the party who has defaulted presents a meritorious defense, and (3) whether setting aside the Clerk's entry of default would prejudice the adversary." *Fudge v. Brown*, No. CV 20-674 JB/CG, 2021 WL 2270151, at *3 (D.N.M. May 3, 2021) (citing *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished)). And "[t]he defaulting party has the burden of proving that the default and default judgment should be set aside." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

Thus, the good cause factors weigh in favor of setting aside the entry of default against Defendants under Fed. R. Civ. P. 55(c).

## IV. GOOD CAUSE EXISTS TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT.

### A. The Entry of Default Should be Set Aside Because Defendants Did Not Willfully Default.

As to the first factor, the relevant inquiry is whether Defendants' default was willful. It was not. Rather, Defendants' failure to answer resulted from inadvertence and excusable neglect, not a deliberate disregard for the Court or these proceedings. *Behounek v. Lujan Grisham*, 2020 WL 5757798, at *3 (D.N.M. Sept. 28, 2020) (stating that the "good cause standard" is fairly liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment'") (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). Further, because default

judgments are a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction "purely as a penalty for delays in filing or other procedural error." *Noland v. City of Albuquerque*, No. CIV-08-0056 JB/LFG, 2009 WL 2424591 at *1 (D.N.M. June 18, 2009) (citations omitted).

Here, Defendants' failure to timely respond to the Complaint was not the product of willful disregard for these proceedings, bad faith, or an intentional decision to ignore the Court's process. Rather, the failure resulted from an isolated administrative oversight and an inadvertent breakdown in communication concerning responsibility for coordinating the defense of this action. Given the number of separately named Defendants and the circumstances surrounding service, the Summons and Complaint were not timely routed to the appropriate individuals responsible for ensuring that counsel was retained and a responsive pleading was filed. As a result, each Defendant reasonably, albeit mistakenly, believed that the necessary steps to respond to the Complaint were being addressed, when in fact no response had been filed before the applicable deadline.

The omission was the product of excusable neglect and administrative inadvertence, not any intent to delay these proceedings or obtain a tactical advantage. At all relevant times, Defendants intended to defend this action on the merits and did not knowingly or deliberately disregard their obligations under the Federal Rules of Civil Procedure. Upon learning that no responsive pleading had been filed and that the Clerk had entered default, Defendants acted promptly and diligently to retain counsel and seek relief from the Clerk's Entry of Default. Counsel promptly investigated the matter and prepared this Motion together with Defendant's proposed Answer and Affirmative Defenses.

**B. The Entry of Default Should be Set Aside Because There is No Prejudice to Plaintiff.**

As to the second factor, setting aside the Clerk's Entry of Default will not prejudice Plaintiff because this case remains in its early stages, no final judgment has been entered, and any inconvenience resulting from the brief delay can be addressed through the ordinary course of discovery and case management. Indeed, "[d]elay alone is not a sufficient basis for establishing prejudice. To establish prejudice, a plaintiff must demonstrate more than the mere passage of time, such as a loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion. *Behounek*, 2020 WL 5757798, at *5 (D.N.M. Sept. 28, 2020) (internal citations and quotations omitted).

None of those circumstances is present here. The brief delay has not impaired Plaintiff's ability to prosecute this action, conduct discovery, or otherwise litigate the case on its merits. Accordingly, Plaintiff will not be prejudiced if the Court sets aside the Clerk's Entry of Default. This absence of prejudice strongly supports granting Defendants' requested relief. *See* 10A Charles Alan Wright, et al., *Federal Practice and Procedure*, § 2699 (3d ed. 1998) ("When no prejudice is apparent, courts naturally are favorably inclined toward setting aside a default entry or judgment.").

**C. The Entry of Default Should be Set Aside Because Defendants Have Meritorious Defenses.**

The third factor examines whether Defendants have asserted a meritorious defense. For this factor, Defendants are not required to persuade the Court that they are likely to prevail on their defenses. *Securitynational Mortg. Co. v. Head*, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("A movant is not required to demonstrate a likelihood of success on the merits.") (internal quotation and citation omitted). "Rather, the court examines the allegations contained in the

moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

Here, Defendants have asserted several meritorious defenses that, if proven, would constitute complete or partial defenses to Plaintiff's claims. Specifically, Defendants deny that they committed the statutory violations alleged in the Complaint; deny that they initiated, authorized, or are otherwise legally responsible for each of the telephone calls alleged by Plaintiff; deny that Plaintiff can establish all elements necessary to prevail under the Telephone Consumer Protection Act or the New Mexico Unfair Practices Act alleged in the Complaint; deny that Plaintiff is entitled to the statutory damages sought; and assert additional affirmative defenses as set forth in Defendants' Answer, filed contemporaneously herewith. At this stage, Defendants need not establish that these defenses will ultimately prevail, only that they are legally cognizable and present factual disputes warranting adjudication on the merits. Because Defendants have asserted multiple facially meritorious defenses, the third factor weighs strongly in favor of setting aside the Clerk's Entry of Default.

### V. CONCLUSION

Good cause exists to set aside the Clerk's Entry of Default against Defendants because all three Rule 55(c) factors weigh in Defendants' favor. Defendants therefore respectfully request that the Court grant this Motion, set aside the Clerk's Entry of Default, accept Defendants' contemporaneously filed Answer as timely filed, and grant such other relief as the Court deems just and proper.

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Vacate the Clerk's Default entered July 23, 2026,

2.  Accept Defendant's Answer and Affirmative Defenses as timely filed and

3.  Award such other relief as the court deems just.

PHILLIPS LAW CORPORATION

DATED: July 31, 2026                    By:  *Brent R. Phillips*
                                             Brent R. Phillips (NM Federal Bar No. 23-268)
                                             801 Parkcenter Drive, Suite 105
                                             Santa Ana, CA 92701
                                             E-mail: bphillips@phillipslawcorporation.com

                                             Attorneys for DEFENDANTS Better Debt
                                             Solutions LLC, Range View Management LLC
                                             d/b/a LendVia, Better Companies LLC,
                                             LendVia LLC, MN MGMT LLC, RC MGMT
                                             LLC, Mohammad Ghafarinia, and Arsalan
                                             Ghanbari.

## CERTIFICATE OF CONFERRAL

Pursuant to D.N.M. LR Civ. 7.1(a), undersigned counsel for Defendants certifies that on July 31, 2026, counsel for Defendants conferred with Plaintiff by telephone regarding the relief requested in this Motion. During that conference, Plaintiff stated that he does not oppose Defendants' Motion to Set Aside the Clerk's Entry of Default. Plaintiff further clarified that his non-opposition is limited solely to the requested relief of vacating the Clerk's Entry of Default and does not constitute an agreement that service of process was insufficient as to any Defendant or a waiver of any position Plaintiff may assert regarding the sufficiency or validity of service. Accordingly, this Motion is submitted as unopposed only with respect to the requested relief of setting aside the Clerk's Entry of Default.

*Brent R. Phillips*
Brent R. Phillips

7

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705.

August 2, 2026, I served the documents listed below:

**DEFENDANT BETTER DEBT SOLUTIONS LLC, RANGE VIEW MANAGEMENT LLC D/B/A LENDVIA, BETTER COMPANIES LLC, LENDVIA LLC, MN MGMT LLC, RC MGMT LLC, MOHAMMAD GHAFARINIA, AND ARSALAN GHANBARI MOTION TO SET ASIDE CLERK'S DEFAULT**

☒      [MAIL] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California addressed as set forth on the attached service list.

☐      [OVERNIGHT] by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by

        ☐ OVERNITE EXPRESS ☐ FEDEX at PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, CA 92705, in accordance with PHILLIPS LAW CORPORATION's ordinary business practices.

☐      [PERSONAL] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐      [FAX] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705 in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**PLEASE SEE ATTACHED SERVICE LIST**

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on August 2, 2026, at Santa Ana, California.

*Sandra Torres*

Sandra Torres

8

**SERVICE LIST**

William B. Evertsen v. DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari.

United States District Court for the District of New Mexico

Case No.: 2:26-cv-02076-GJF-KRS

| | |
|---|---|
| William B. Evertsen, Pro Se<br>1300 South Sandburg Drive<br>Deming, NM 88030<br>Tel: 212-365-8702<br>E-mail: will.evertsen@gmail.com | Attorneys for:<br>**Pro Se** |