Brent R. Phillips (NM Federal Bar No. 23-268)
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92705
Tel: (714) 573-4087
Fax: (714) 586-5499
E-mail: bphillips@phillipslawcorporation.com

Attorneys for Defendants
BETTER DEBT SOLUTIONS LLC; RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA; BETTER COMPANIES LLC; LendVia, LLC; MN MGMT LLC; RC MGMT LLC; MOHAMMAD GHAFARINIA; ARSALAN GHANBARI

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**(LAS CRUCES DIVISION)**

WILLIAM EVERTSEN;

Plaintiff;

v.

BETTER DEBT SOLUTIONS LLC; RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA; BETTER COMPANIES LLC; LENDVIA, LLC; MN MGMT LLC; RC MGMT LLC; MOHAMMAD GHAFARINIA; ARSALAN GHANBARI

Defendants.

**Case No.: 2:26-cv-02076-GJF-KRS**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**

**DEMAND FOR A JURY TRIAL**

**DEFENDANTS BETTER DEBT SOLUTIONS LLC, RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA, BETTER COMPANIES LLC, LENDVIA, LLC, MN MGMT LLC, RC MGMT LLC, MOHAMMAD GHAFARINIA, AND ARSALAN GHANBARI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari, (collectively "Defendants") by and through undersigned counsel, answer Plaintiff WILLIAM EVERTSEN'S ("PLAINTIFF") Complaint ("COMPLAINT") as follows:

## I. NATURE OF THE ACTION

1. Answering paragraph 1 of the COMPLAINT, DEFENDANTS deny each and every one of the factual allegations in Paragraph 1 and demand strict proof thereof at the time of trial.

2. Answering paragraph 2 of the COMPLAINT, DEFENDANTS deny each and every one of the factual allegations in Paragraph 2 and demand strict proof thereof at the time of trial.

3. Answering paragraph 3 of the COMPLAINT, DEFENDANTS deny each and every one of the factual allegations in Paragraph 3 and demand strict proof thereof at the time of trial.

4. Answering paragraph 4 of the COMPLAINT, DEFENDANTS deny each and every one of the factual allegations in Paragraph 4 and demand strict proof thereof at the time of trial.

5. Answering paragraph 5 of the COMPLAINT, DEFENDANTS deny each and every one of the factual allegations in Paragraph 5 and demand strict proof thereof at the time of trial.

6. Answering paragraph 6 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6 of the COMPLAINT, and therefore deny the allegations.

## II. JURISDICTION AND VENUE

7. Answering paragraph 7 of the COMPLAINT, Paragraph 7 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed

necessary, DEFENDANTS respond that 47 U.S.C. § 227 *et seq.*, 28 U.S.C. § 1331 are federal statutes that speak for themselves, and otherwise deny the allegations in Paragraph 7.

8. Answering paragraph 8 of the COMPLAINT, Paragraph 8 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that 28 U.S.C. § 1367(a) is a federal statute that speaks for itself, and otherwise deny the allegations in Paragraph 8.

9. Answering paragraph 9 of the COMPLAINT, Paragraph 9 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that 28 U.S.C. § 1332(a) is a federal statute that speaks for itself, and otherwise deny the allegations in Paragraph 9.

10. Answering paragraph 10 of the COMPLAINT, Paragraph 10 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that NMSA 1978 § 38-1-16 speaks for itself, and otherwise deny the allegations in Paragraph 10.

11. Answering paragraph 11 of the COMPLAINT, Paragraph 11 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008), *Hood v. American Auto Care, LLC*, 21 F.4th 1216 (10th Cir. 2021), and *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017 (2021) are cases that speak for themselves, and otherwise deny the allegations in Paragraph 11.

12. Answering paragraph 12 of the COMPLAINT, DEFENDANTS deny each and every one of the factual allegations in Paragraph 12 and demand strict proof thereof at the time of trial.

13. Answering paragraph 13 of the COMPLAINT, DEFENDANTS GHAFARINIA and GHANBARI deny each and every one of the factual allegations in Paragraph 13 and demand strict proof thereof at the time of trial.

14. Answering paragraph 14 of the COMPLAINT, Paragraph 14 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny each and every one of the factual allegations in Paragraph 14 and demand strict proof thereof at the time of trial.

## III. PARTIES

15. Answering paragraph 15 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15 of the COMPLAINT, and therefore deny the allegations.

16. Answering paragraph 16 of the COMPLAINT, DEFENDANT BETTER DEBT SOLUTIONS LLC admits that it is a limited liability company and denies each and every one of the factual allegations in paragraph 16.

17. Answering paragraph 17 of the COMPLAINT, DEFENDANT RANGE VIEW MANAGEMENT LLC admits that it is a limited liability company and denies each and every one of the factual allegations in paragraph 17.

18. Answering paragraph 18 of the COMPLAINT, DEFENDANT LENDVIA LLC admits that it is a limited liability company and denies each and every one of the factual allegations in paragraph 18.

19. Answering paragraph 19 of the COMPLAINT, DEFENDANT BETTER COMPANIES LLC admits that it is a limited liability company and denies each and every one of the factual allegations in paragraph 19.

20. Answering paragraph 20 of the COMPLAINT, DEFENDANT MN MGMT LLC admits that it is a limited liability company and denies each and every one of the factual allegations in paragraph 20.

21. Answering paragraph 21 of the COMPLAINT, DEFENDANT RC MGMT admits that it is a limited liability company and denies each and every one of the factual allegations in paragraph 21.

22. Answering paragraph 22 of the COMPLAINT, DEFENDANT GHAFARINIA is a natural person and denies each and every one of the factual allegations in paragraph 22.

23. Answering paragraph 23 of the COMPLAINT, DEFENDANT GHANBARI is a natural person and denies each and every one of the factual allegations in paragraph 23.

24. Answering paragraph 24 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 24 of the COMPLAINT.

25. Answering paragraph 25 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 25 of the COMPLAINT.

26. Answering paragraph 26 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 26 of the COMPLAINT and demand strict proof thereof at the time of trial.

27. Answering paragraph 27 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 27 of the COMPLAINT and demand strict proof thereof at the time of trial.

## IV. STATUTORY BACKGROUND

### A. The Telephone Consumer Protection Act

28. Answering paragraph 28 of the COMPLAINT, Paragraph 28 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations contained in paragraph 28 of the COMPLAINT.

29. Answering paragraph 29 of the COMPLAINT, Paragraph 29 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations contained in paragraph 29 of the COMPLAINT.

30. Answering paragraph 30 of the COMPLAINT, Paragraph 30 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations contained in paragraph 30 of the COMPLAINT.

31. Answering paragraph 31 of the COMPLAINT, Paragraph 31 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations contained in paragraph 31 of the COMPLAINT.

32. Answering paragraph 32 of the COMPLAINT, Paragraph 32 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations contained in paragraph 32 of the COMPLAINT.

33. Answering paragraph 33 of the COMPLAINT, Paragraph 33 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that 47 U.S.C. § 227 *et seq.*, is a federal statute that speaks for itself and otherwise deny the allegations contained in paragraph 33 of the COMPLAINT.

34. Answering paragraph 34 of the COMPLAINT, Paragraph 34 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that 47 C.F.R. § 64.1200(d) speaks for itself and otherwise deny the allegations contained in paragraph 34 of the COMPLAINT.

35. Answering paragraph 35 of the COMPLAINT, Paragraph 35 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations contained in paragraph 35 of the COMPLAINT.

**B. The New Mexico Unfair Practices Act**

36. Answering paragraph 36 of the COMPLAINT, Paragraph 36 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that NMSA 1978 §§ 57-12-1 to 57-12-26 speak for themselves, and otherwise deny the allegations in Paragraph 36.

37. Answering paragraph 37 of the COMPLAINT, Paragraph 37 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that NMSA 1978 § 57-12-22(A) speaks for itself, and otherwise deny the allegations in Paragraph 37.

38. Answering paragraph 38 of the COMPLAINT, Paragraph 38 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that NMSA 1978 § 57-12-22(B)(1) speaks for itself, and otherwise deny the allegations in Paragraph 38.

39. Answering paragraph 39 of the COMPLAINT, Paragraph 39 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS respond that NMSA 1978 §§ 57-12-22(C)(1), (C)(2) speak for themselves, and otherwise deny the allegations in Paragraph 39.

40. Answering paragraph 40 of the COMPLAINT, Paragraph 40 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 40.

41. Answering paragraph 41 of the COMPLAINT, Paragraph 41 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 41.

42. Answering paragraph 42 of the COMPLAINT, Paragraph 42 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 42.

43. Answering paragraph 43 of the COMPLAINT, Paragraph 43 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 43.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff and His Cellular Telephone Line

44. Answering paragraph 44 of the COMPLAINT, DEFENDANTS incorporate herein by reference the responses and denials to Paragraphs 1 through 43 as if fully stated herein.

45. Answering paragraph 45 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 45 of the COMPLAINT, and therefore deny the allegations.

46. Answering paragraph 46 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 46 of the COMPLAINT, and therefore deny the allegations.

47. Answering paragraph 47 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 47 of the COMPLAINT, and therefore deny the allegations.

48. Answering paragraph 48 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 48 of the COMPLAINT, and therefore deny the allegations.

49. Answering paragraph 49 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 49 of the COMPLAINT, and therefore deny the allegations.

**B. Defendants and Their Telemarketing Operation**

50. Answering paragraph 50 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 50 of the COMPLAINT and demand strict proof thereof at the time of trial.

51. Answering paragraph 51 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 51 of the COMPLAINT and demand strict proof thereof at the time of trial.

52. Answering paragraph 52 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 52 of the COMPLAINT and demand strict proof thereof at the time of trial.

53. Answering paragraph 53 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 53 of the COMPLAINT and demand strict proof thereof at the time of trial.

**C. The Calls to Plaintiff**

54. Answering paragraph 54 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph

54 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 54.

55. Answering paragraph 55 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 55 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 55.

56. Answering paragraph 56 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 56 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 56.

57. Answering paragraph 57 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 57 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 57.

58. Answering paragraph 58 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 58 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 58.

59. Answering paragraph 59 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 59 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 59.

60. Answering paragraph 60 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 60 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 60.

61. Answering paragraph 61 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 61 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 61.

62. Answering paragraph 62 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 62 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 62.

63. Answering paragraph 63 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 63 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 63.

**D. Attribution to Defendants**

64. Answering paragraph 64 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 64 of the COMPLAINT and demand strict proof thereof at the time of trial.

65. Answering paragraph 65 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 65 of the COMPLAINT and demand strict proof thereof at the time of trial.

66. Answering paragraph 66 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 66 of the COMPLAINT and demand strict proof thereof at the time of trial.

67. Answering paragraph 67 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 67 of the COMPLAINT and demand strict proof thereof at the time of trial.

68. Answering paragraph 68 of the COMPLAINT DEFENDANTS deny the allegations contained in paragraph 68 of the COMPLAINT and demand strict proof thereof at the time of trial.

69. Answering paragraph 69 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 69 of the COMPLAINT and demand strict proof thereof at the time of trial.

70. Answering paragraph 70 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 70 of the COMPLAINT and demand strict proof thereof at the time of trial.

71. Answering paragraph 71 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 71 of the COMPLAINT and demand strict proof thereof at the time of trial.

72. Answering paragraph 72 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 72 of the COMPLAINT and demand strict proof thereof at the time of trial.

**E. Absence of Consent and of Any Business Relationship**

73. Answering paragraph 73 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 73 of the COMPLAINT and demand strict proof thereof at the time of trial.

74. Answering paragraph 74 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 74 of the COMPLAINT and demand strict proof thereof at the time of trial.

75. Answering paragraph 75 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 75 of the COMPLAINT and demand strict proof thereof at the time of trial.

76. Answering paragraph 76 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 76 of the COMPLAINT and demand strict proof thereof at the time of trial.

77. Answering paragraph 77 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 77 of the COMPLAINT and demand strict proof thereof at the time of trial.

**F. Harm to Plaintiff**

78. Answering paragraph 78 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 78 of the COMPLAINT and demand strict proof thereof at the time of trial.

79. Answering paragraph 79 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 79 of the COMPLAINT and demand strict proof thereof at the time of trial.

80. Answering paragraph 80 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 80 of the COMPLAINT and demand strict proof thereof at the time of trial.

## VI. CAUSES OF ACTION

### COUNT 1: Telephone Consumer Protection Act (Artificial or Prerecorded Voice), 47 U.S.C. § 227(b)(1)(A)(iii)

81. Answering paragraph 81 of the COMPLAINT, DEFENDANTS incorporate herein by reference the responses and denials to Paragraphs 1 through 80 as if fully stated herein.

82. Answering paragraph 82 of the COMPLAINT, Paragraph 82 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 82.

83. Answering paragraph 83 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 83 of the COMPLAINT and demand strict proof thereof at the time of trial.

84. Answering paragraph 84 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 84 of the COMPLAINT and demand strict proof thereof at the time of trial.

85. Answering paragraph 85 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 85 of the COMPLAINT and demand strict proof thereof at the time of trial.

86. Answering paragraph 86 of the COMPLAINT, Paragraph 86 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 86.

87. Answering paragraph 87 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 87 of the COMPLAINT and demand strict proof thereof at the time of trial.

88. Answering paragraph 88 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 88 of the COMPLAINT and demand strict proof thereof at the time of trial.

89. Answering paragraph 89 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 89 of the COMPLAINT and demand strict proof thereof at the time of trial.

**COUNT II: Telephone Consumer Protection Act (Do-Not-Call), 47 U.S.C. § 227(c)**

90. Answering paragraph 90 of the COMPLAINT, DEFENDANTS incorporate herein by reference the responses and denials to Paragraphs 1 through 89 as if fully stated herein.

91. Answering paragraph 91 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 91 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 91.

92. Answering paragraph 92 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 92 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 92.

93. Answering paragraph 93 of the COMPLAINT, DEFENDANTS are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph

93 of the COMPLAINT. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 93.

94. Answering paragraph 94 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 94 of the COMPLAINT and demand strict proof thereof at the time of trial.

95. Answering paragraph 95 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 95 of the COMPLAINT and demand strict proof thereof at the time of trial.

96. Answering paragraph 96 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 96 of the COMPLAINT and demand strict proof thereof at the time of trial.

97. Answering paragraph 97 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 97 of the COMPLAINT and demand strict proof thereof at the time of trial.

**COUNT III: New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-3, 57-12-22, 57-12-24**

98. Answering paragraph 98 of the COMPLAINT, DEFENDANTS incorporate herein by reference the responses and denials to Paragraphs 1 through 97 as if fully stated herein.

99. Answering paragraph 99 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 99 of the COMPLAINT and demand strict proof thereof at the time of trial.

100. Answering paragraph 100 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 100 of the COMPLAINT and demand strict proof thereof at the time of trial.

101. Answering paragraph 101 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 101 of the COMPLAINT and demand strict proof thereof at the time of trial.

102. Answering paragraph 102 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 102 of the COMPLAINT and demand strict proof thereof at the time of trial.

103. Answering paragraph 103 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 103 of the COMPLAINT and demand strict proof thereof at the time of trial.

104. Answering paragraph 104 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 104 of the COMPLAINT and demand strict proof thereof at the time of trial.

105. Answering paragraph 105 of the COMPLAINT, Paragraph 105 contains legal conclusions and requires neither admission nor denial. To the extent a response is deemed necessary, DEFENDANTS deny the allegations in Paragraph 105.

106. Answering paragraph 106 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 106 of the COMPLAINT and demand strict proof thereof at the time of trial.

107. Answering paragraph 107 of the COMPLAINT, DEFENDANTS deny the allegations contained in paragraph 107 of the COMPLAINT and demand strict proof thereof at the time of trial.

## VII. PRAYER FOR RELIEF

DEFENDANTS, individually and collectively, deny liability and deny all allegations of the relief sought in its subsections. DEFENDANTS, individually and collectively, hereby give notice that DEFENDANTS may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserve the right to amend DEFENDANTS' answer to assert any other defenses as they become known or available.

## VIII. DEMAND FOR JURY TRIAL

The demand requires neither admission nor denial.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein, or which hereinafter may be pleaded. DEFENDANTS reserve the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari, (collectively "Defendants") assert the following specific defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims against DEFENDANTS are barred, in whole or in part, because the alleged injuries were caused by acts or omission of Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by DEFENDANTS.

**THIRD DEFENSE**

DEFENDANTS did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

**FOURTH DEFENSE**

Plaintiff lacks Article III standing to bring this action because he did not suffer an injury-in-fact as a result of DEFENDANTS' alleged conduct.

**FIFTH DEFENSE**

The imposition of statutory damages under the TCPA against DEFENDANTS would violate the due process provisions of the Constitution of New Mexico.

**SIXTH DEFENSE**

Plaintiff's claims are barred under the doctrines of laches and/or unclean hands.

**SEVENTH DEFENSE**

To the extent that Plaintiff's claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

**NINTH DEFENSE**

DEFENDANTS are informed and believe that Plaintiff's claims are barred in whole or in part as a result of his failure to mitigate his alleged damages, if any, and any recovery should be reduced in proportion to his failure to mitigate such damages.

**TENTH DEFENSE**

DEFENDANTS did not willfully or knowingly contact Plaintiff on the phone number at issue without prior express consent. To the extent that there was any violation of the TCPA, which DEFENDANTS deny, DEFENDANTS shall be liable for no more than a $500.00 penalty, as DEFENDANTS deny that DEFENDANTS willfully and knowingly violated the TCPA.

**ELEVENTH DEFENSE**

DEFENDANTS' actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which DEFENDANTS deny, such violation(s) were not knowing and willful.

**TWELFTH DEFENSE**

To the extent there was any violation of the TCPA, which DEFENDANTS deny, DEFENDANTS' action were not knowing and/or willful because any violation was unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

**THIRTEENTH DEFENSE**

DEFENDANTS are informed and believe that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each individual call for which Plaintiff claims a violation.

**FOURTEENTH DEFENSE**

By reason of Plaintiff's inaction with respect to and/or ratification of the calls he alleges were made by DEFENDANTS, Plaintiff is estopped from recovery herein and Plaintiff's claims against DEFENDANTS are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

**FIFTEENTH DEFENSE**

DEFENDANTS' compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

**SIXTEENTH DEFENSE**

The allegations of the Complaint, and the purported cause of action in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

**EIGHTEENTH DEFENSE**

DEFENDANTS acted in good faith in any and all interactions with Plaintiff did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

**NINETEENTH DEFENSE**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, the calls were made with the prior express consent of Plaintiff or someone acting on Plaintiff's behalf as owners/subscribers or the regular users of the subject phone and/or other parties, persons, and entities.

**TWENTIETH DEFENSE**

DEFENDANTS reserves the right to assert arbitration. The purported claims and causes of action alleged by Plaintiffs have agreed and consented to arbitration as the exclusive forum for resolving the claims and cause of actions alleged in this action.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because DEFENDANTS established and implemented written procedures to comply with the DNC rules.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because DEFENDANTS maintained a list of persons who request not to receive telemarketing calls and instituted procedures for maintaining such a list.

**TWENTY-THIRD DEFENSE**

DEFENDANTS are without sufficient knowledge or information to form a belief as to whether DEFENDANTS may have additional, but yet unstated, affirmative defenses available to DEFENDANTS, and accordingly, DEFENDANTS reserve the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

///

///

///

///

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, DEFENDANTS prays for judgment against PLAINTIFF as follows:

1. That PLAINTIFF takes nothing by way of this action;
2. That DEFENDANTS be awarded costs of suit incurred herein;
3. That DEFENDANTS be awarded its attorney fees incurred herein pursuant to N.M. Stat. Ann. § 57-12-10(C); and,
4. For such other and further relief as the court deems just and proper.

PHILLIPS LAW CORPORATION

DATED: August 2, 2026

By: ______________________

Brent R. Phillips (NM Federal Bar No. 25-268)
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92701
E-mail: bphillips@phillipslawcorporation.com

Attorneys for DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari.

**DEMAND FOR A JURY TRIAL**

PLEASE TAKE NOTICE that DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari hereby demand a trial by jury in this action.

PHILLIPS LAW CORPORATION

DATED: August 2, 2026

By: Brent R. Phillips

Brent R. Phillips (NM Federal Bar No. 23-268)
801 Parkcenter Drive, Suite 105
Santa Ana, CA 92701
E-mail: bphillips@phillipslawcorporation.com

Attorneys for DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari, (collectively "Defendants")

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705.

August 2, 2026, I served the documents listed below:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BETTER DEBT SOLUTIONS LLC, RANGE VIEW MANAGEMENT LLC D/B/A LENDVIA, BETTER COMPANIES LLC, LENDVIA LLC, MN MGMT LLC, RC MGMT LLC, MOHAMMAD GHAFARINIA, AND ARSALAN GHANBARI; DEMAND FOR A JURY TRIAL**

☒ [MAIL] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Ana, California addressed as set forth on the attached service list.

☐ [OVERNIGHT] by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by

☐ OVERNITE EXPRESS ☐ FEDEX at PHILLIPS LAW CORPORATION, 801 Parkcenter Drive, Suite 105, Santa Ana, CA 92705, in accordance with PHILLIPS LAW CORPORATION's ordinary business practices.

☐ [PERSONAL] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ [FAX] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 801 Parkcenter Drive, Suite 105, Santa Ana, California 92705 in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**PLEASE SEE ATTACHED SERVICE LIST**

///

///

///

///

☐ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on July 31, 2026, at Santa Ana, California.

Sandra Torres

Sandra Torres

**SERVICE LIST**

William B. Evertsen v. DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari.

United States District Court for the District of New Mexico

Case No.: 2:26-cv-02076-GJF-KRS

| | |
|---|---|
| William B. Evertsen, Pro Se<br>1300 South Sandburg Drive<br>Deming, NM 88030<br>Tel: 212-365-8702<br>E-mail: will.evertsen@gmail.com | Attorneys for:<br>**Pro Se** |