Brent R. Phillips (NM Federal Bar No. 23-268)
PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705
TEL: (714) 573-4087
FAX: (714) 586-5499
E-MAIL: bphillips@phillipslawcorporation.com

Attorney for Defendants
BETTER DEBT SOLUTIONS LLC; RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA; BETTER COMPANIES LLC; LendVia, LLC; MN MGMT LLC; RC MGMT LLC; MOHAMMAD GHAFARINIA; ARSALAN GHANBARI

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(LAS CRUCES DIVISION)**

| | |
|---|---|
| WILLIAM EVERTSEN;<br><br>Plaintiff;<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC; RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA; BETTER COMPANIES LLC; LENDVIA, LLC; MN MGMT LLC; RC MGMT LLC; MOHAMMAD GHAFARINIA; ARSALAN GHANBARI<br><br>Defendants. | **Case No.: 2:26-cv-02076-KWR-KRS** |

**DEFENDANTS BETTER DEBT SOLUTIONS LLC, RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA, BETTER COMPANIES LLC, LENDVIA, LLC, MN MGMT LLC, RC MGMT LLC, MOHAMMAD GHAFARINIA AND ARSALAN GHANBARI'S OPPOSED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

Defendants Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, MOHAMMAD GHAFARINIA AND ARSALAN GHANBARI (collectively "Defendants") by and through

undersigned counsel, respectfully move to dismiss Plaintiff's First Amended Complaint ("FAC") in part pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

## I. INTRODUCTION

Plaintiff does not know who made the calls at issue and does not plead facts connecting the Defendants he has sued to those calls. Thus, Plaintiff's First Amended Complaint ("FAC") should be dismissed. By Plaintiff's own allegations, the callers used fabricated personas, changing trade names, spoofed or rotating originating numbers, and rotating callback numbers. Neither the prerecorded messages nor the live representatives identified the entity responsible for the calls. FAC ¶¶ 64–73. Yet Plaintiff has sued eight Defendants.

The FAC attempts to fill that gap by identifying companies and individuals with alleged corporate relationships and treating them collectively as responsible for the calls. But the FAC specifically identifies only Range View as the entity that allegedly "operated, or caused to be operated, the dialing and message-delivery system used to place the calls." FAC ¶ 88. As to the other Defendants, Plaintiff relies on corporate affiliations, a purported "common enterprise," and the conclusion that Range View acted as their agent.

Better Debt Solutions is only slightly different. Plaintiff alleges that an individual associated with Better Debt Solutions emailed him after his June 4–5 interactions with the callers. FAC ¶¶ 85–86. Even if that connects Better Debt Solutions to those particular interactions, it does not establish that Better Debt Solutions was responsible for the other calls, much less that every related entity or individual Plaintiff has named was involved in them.

Plaintiff cannot cast a wide net over every company and individual he believes may be related and leave it to the litigation process to determine who, if anyone, was actually responsible for the calls. The FAC must plead facts connecting each Defendant to the alleged conduct. It does

not. And as to Ghafarinia and Ghanbari, it likewise does not plead facts showing that either individual personally directed the alleged conduct toward New Mexico.

Accordingly, the FAC fails to state a claim against the Moving Defendants, fails to connect Better Debt Solutions to calls other than the June 4–5 interactions, and fails to establish personal jurisdiction over Ghafarinia and Ghanbari. The claims should be dismissed accordingly.

## II. BACKGROUND

The FAC alleges that Plaintiff received a series of prerecorded telephone calls concerning purported loan offers. According to the FAC, the prerecorded messages followed a recurring script and varied by the persona name, callback number, trade name, and loan amount quoted. FAC ¶ 64. The messages directed Plaintiff to call a toll-free number to pursue the solicited loan, and the callback number changed from message to message. FAC ¶ 65. The FAC alleges that the calls were associated with various call back numbers, FAC ¶ 65, and different originating numbers. FAC ¶ 70. The prerecorded messages and the live representatives allegedly used rotating fabricated personas, FAC ¶ 72, and trade names. FAC ¶ 72.

Significantly, the FAC alleges that neither the prerecorded messages nor the live representatives identified the entity responsible for the calls. FAC ¶ 73. With respect to Better Debt Solutions, the FAC alleges that, following Plaintiff's June 4 and June 5, 2026 engagement with the calls, he received an email from an individual associated with Better Debt Solutions. FAC ¶ 85.

The FAC alleges that Range View "operated, or caused to be operated, the dialing and message-delivery system used to place the calls." FAC ¶ 88. The FAC alleges that Range View acted as an agent of the remaining Defendants and that the remaining Defendants marketed the solicited products, controlled or directed the operation, or both, and accepted and retained benefits from the campaign. FAC ¶ 88.

Finally, the FAC concludes that the Defendants conducted the campaign as a common enterprise under common ownership and control, exercised through Ghafarinia and Ghanbari and the management entities MN MGMT and RC MGMT. FAC ¶ 33. It alleges that Range View placed or caused the calls to be placed as agent for the remaining Defendants. FAC ¶ 33.

## III. LEGAL STANDARD

When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *2 (D.N.M. Sept. 28, 2018).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## IV. PLAINTIFF'S FAC MUST BE DISMISSED BECAUSE IT FAILS TO PLAUSIBLY ALLEGE FACTS ESTABLISHING DIRECT OR VICARIOUS LIABILITY FOR THE CALLS AS TO THE MOVING DEFENDANTS

### A. Plaintiff Fails to Plausibly Allege Direct Liability Against Any of the Moving Defendants for the Calls at Issue.

To impose direct liability under any of Plaintiff's three claims, the FAC must plausibly allege that each Defendant engaged in the conduct prohibited by the applicable statute. Count I arises under 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits a person from "mak[ing]" a call to a cellular telephone using an artificial or prerecorded voice absent an applicable exception. The

statutory language imposes direct liability on the person who makes the call. *Childress*, 2018 WL 4684209, at *3–4 (D.N.M. Sept. 28, 2018); *see also Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1247 (D.N.M. 2024). Thus, direct liability requires facts plausibly showing that *the particular defendant made or initiated the call*.

Count II likewise requires a factual connection between the specific Defendant and the telephone solicitation at issue. Section 227(c) regulates "telephone solicitation," which the TCPA defines as "the initiation of a telephone call or message" for the purpose of encouraging the purchase, rental, or investment in property, goods, or services. 47 U.S.C. § 227(a)(4). Accordingly, direct liability under Plaintiff's § 227(c) theory requires facts plausibly connecting the particular Defendant to the initiation of the allegedly unlawful telephone solicitation.

Similarly, Count III requires facts connecting the actual Defendant to the conduct prohibited by the New Mexico Unfair Practices Act. Section 57-12-22(A) prohibits a "person" from utilizing an automated telephone dialing or signaling system with a prerecorded message to solicit the purchase of goods or services under the circumstances specified by the statute. Section 57-12-22(B)(1) prohibits a "person" from making a telephone solicitation without disclosing, within fifteen seconds, the name of the sponsor and primary purpose of the solicitation. Section 57-12-22(C) likewise prohibits a "person" from making specified telephone solicitations, including solicitations to certain subscribers on the National Do-Not-Call Registry and solicitations that intentionally circumvent caller-identification service. NMSA 1978, § 57-12-22(A)–(C). Thus, direct liability under Count III requires facts plausibly connecting the actual Defendant to the telephone solicitation or other conduct alleged to violate § 57-12-22.

Here, Plaintiff fails to plead *any* factual connection as to Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, or Arsalan Ghanbari

(collectively, the "Moving Defendants"). Plaintiff alleges that he received numerous prerecorded calls, but he does not allege that any Moving Defendant actually made or initiated those calls. Nor did the calls themselves identify any Moving Defendant as the caller. Instead, Plaintiff alleges that the prerecorded messages and live representatives used rotating fabricated personas and trade names, including "Providence Personal Lending," "United Financial Services," "Secure One," "United Lending," "Heritage Covenant Financial," and "Ironview Financial." FAC ¶ 72. Indeed, Plaintiff expressly alleges that "[n]either the prerecorded messages nor the live representatives identify at any point during the call, the entity responsible for the call," and that the personas and trade names changed from call to call. FAC ¶ 73.

Furthermore, the originating telephone numbers do not identify any Moving Defendant as having made the calls. Plaintiff alleges that the calls originated from numerous different telephone numbers and, upon information and belief, that the displayed originating numbers were "spoofed or rotated to evade identification and call blocking." FAC ¶ 70. Certain calls allegedly displayed additional toll-free originating numbers. FAC ¶ 71. The FAC does not allege that any originating number was registered to, assigned to, or otherwise associated with Better Companies, LendVia LLC, MN MGMT, RC MGMT, Ghafarinia, or Ghanbari.

And the toll-free callback numbers do not supply the missing connection. Plaintiff identifies ten callback numbers that allegedly rotated from message to message. FAC ¶ 65. Plaintiff alleges that his searches of the Toll-Free Number Registry identified another entity (not named as a Defendant) Hypercube Networks, LLC as the organization of record for all ten callback numbers. FAC ¶ 82. The FAC does not identify or allege that the registry identified any Moving Defendant as the customer associated with any of them.

The allegations against the individual Defendants, Ghafarinia and Ghanbari, fare no better. Plaintiff alleges that Ghafarinia and Ghanbari hold ownership or management positions in certain Defendant entities. FAC ¶¶ 26–27. But their alleged corporate roles are the only concrete facts pleaded as to either individual. Plaintiff then conclusorily asserts that Ghafarinia and Ghanbari "directly participated in, authorized, and controlled" the alleged telemarketing campaign, including by directing and authorizing the calls and selecting the markets into which they were placed. FAC ¶ 34. The FAC pleads *no* facts explaining how either individual participated in or controlled the campaign, what actions either allegedly took, or how either was connected to the calls received by Plaintiff. Indeed, Plaintiff does not allege that Ghafarinia or Ghanbari personally placed or initiated any call, communicated with Plaintiff during any call, operated or controlled any originating telephone number, was identified in any prerecorded message or by any live representative, or was identified as the customer associated with any callback number. Accordingly, apart from Plaintiff's conclusory assertions, the FAC contains no factual allegations plausibly connecting either individual to the making or initiation of the calls at issue.

In all, these deficiencies are analogous to *Childress*. There, the plaintiff alleged that a prerecorded call came from the defendant's "robot machine," but the complaint did not allege facts supporting that conclusion or establishing the defendant's relationship with the party responsible for initiating the call. *Childress*, 2018 WL 4684209, at *3–4. The court concluded that the unsupported allegation that the defendant was responsible for the call was insufficient to establish direct TCPA liability. *Id.*

While the FAC describes the alleged calls in detail, it does not allege facts *identifying* any Moving Defendant as the person or entity that made or initiated them. The callers allegedly used other names, the originating numbers allegedly were spoofed or rotated, and Plaintiff's

investigation of the callback numbers identified another entity not named as a defendant. Plaintiff's allegations concerning corporate ownership, management, and affiliation do not themselves establish that Better Companies, LendVia LLC, MN MGMT, RC MGMT, Ghafarinia, or Ghanbari made or initiated the calls.

Accordingly, the FAC does not plausibly allege that any Moving Defendant directly engaged in the conduct underlying Counts I, II, or III. Counts I, II, and III should therefore be dismissed against Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari to the extent Plaintiff seeks to impose direct liability upon them for the calls at issue.

**B. Plaintiff Fails to Plausibly Allege Vicarious Liability Against the Moving Defendants.**

Plaintiff's inability to plead direct liability against the Moving Defendants is not cured by alleging that Range View acted as their agent. A defendant that did not make the challenged call may be held vicariously liable under the TCPA based on federal common-law principles of agency. *Childress*, 2018 WL 4684209, at *4–5 (D.N.M. Sept. 28, 2018). An agency relationship requires a manifestation by the principal that the agent act on its behalf and subject to its control, together with the agent's consent to do so. *Id.* at *5. A plaintiff therefore must plead facts about the relationship between the alleged principal and agent. It is not enough to allege "general control in a vacuum." *Id.*

The distinction between a conclusory allegation of control and facts supporting an agency relationship is illustrated by *Childress*, *Van Baalen* and *Mestas v. CHW Grp. Inc.,* 508 F. Supp. 3d 1011 (D.N.M. 2020). In *Childress*, allegations that the defendant "authorized, directed, and/or ratified" the caller's conduct were insufficient because the complaint did not allege facts showing the relationship between the defendant and the caller or how the defendant exercised control. 2018

WL 4684209, at *5–6. By contrast, *Van Baalen* and *Mestas* involved specific factual allegations concerning the defendants' authorization and control over the callers and telemarketing activity. *See Van Baalen*, 729 F. Supp. 3d at 1247–48; *Mestas*, 508 F. Supp. 3d at 1023-1024. Those allegations provided a factual basis from which the courts could infer an agency relationship. The FAC here contains no comparable allegations.

Here, the allegations are closer to those found insufficient in *Childress* than those found sufficient in *Mestas* and *Van Baalen*. Plaintiff alleges that Range View "operated, or caused to be operated, the dialing and message-delivery system used to place the calls" and that Range View acted "as the agent of the remaining Defendants, with their actual authority, at their direction, subject to their control, and for their benefit." FAC ¶ 88. But the FAC does not allege facts showing how any Moving Defendant actually authorized, directed, or controlled Range View's calling activity. Unlike the complaints in *Mestas* and *Van Baalen*, the FAC does not allege facts showing what that purported control actually consisted of. It simply asserts that the Moving Defendants exercised it.

For example, the FAC does not identify any agreement governing Range View's calling activity or any instructions from Better Companies, LendVia LLC, MN MGMT, or RC MGMT concerning whom to call, when to call, or what to say. Nor does the FAC allege that any of them supplied calling lists, selected the telephone numbers used to make the calls, approved the prerecorded messages or scripts, directed the use of particular trade names, supervised the calling activity, or communicated with Range View about the calls to Plaintiff. The FAC baldly concludes that the Moving Defendants controlled Range View, but does not allege any facts showing what that control consisted of or how it related to the calls at issue.

In fact, Plaintiff's agency theory rests largely on the corporate relationships among the Defendants. The FAC alleges that: MN MGMT and RC MGMT manage Better Debt Solutions and LendVia LLC; that Ghafarinia is the sole manager or member of MN MGMT; that Ghanbari is the sole manager or member of RC MGMT; and that several of the entities share a principal office and agent for service of process. FAC ¶¶ 24–29. But none of those corporate relationships shows that Range View engaged in the alleged calling activity. And even assuming Range View did, those relationships do not show that any particular Moving Defendant authorized, directed, or controlled Range View's calls.

The allegations against Ghafarinia and Ghanbari are similarly deficient. Plaintiff alleges that they "directly participated in, authorized, and controlled" the campaign, including by directing the calls and controlling the dialing and message-delivery systems. FAC ¶ 34. But the FAC alleges no facts showing how either individual exercised that control or directed Range View's calling activity. It identifies no instructions, communications, or other conduct showing that Range View acted on behalf of, and subject to the control of, either Ghafarinia or Ghanbari.

Moreover, Plaintiff's repeated characterization of Defendants as a "common enterprise" does not supply the facts missing from his direct and vicarious liability theories. Corporate relationships alone do not establish liability, much less show that each Defendant participated in the calls to Plaintiff or that Range View made the calls as the agent of each Moving Defendant. Labeling Defendants a "common enterprise" does not change that. Plaintiff must still plead facts connecting each Defendant to the alleged calling activity, either through its own conduct or a sufficiently pleaded agency relationship. Because the FAC does not do so, its "common enterprise" allegations do not cure these pleading deficiencies or provide an independent basis for liability.

Ultimately, the FAC pleads the conclusion of agency without the facts necessary to support it. That is true whether Plaintiff seeks to impose vicarious liability for the prerecorded calls alleged in Count I, the telephone solicitations alleged in Count II, or the conduct alleged under NMSA 1978, § 57-12-22 in Count III. In each instance, Plaintiff relies on the same alleged agency relationship, but does not plead facts showing that any particular Moving Defendant authorized or controlled Range View's conduct giving rise to the claim.

Accordingly, the FAC does not plausibly allege a basis for holding Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Ghafarinia, or Ghanbari vicariously liable for the calls at issue, and Counts I, II, and III should be dismissed against them.

### C. Better Debt Solutions' Alleged Email Does Not Establish Liability for the Other Calls.

Better Debt Solutions stands differently from the other Defendants because Plaintiff alleges one additional fact connecting it to a particular interaction. Specifically, Plaintiff alleges that after the June 4–5 calls, during which he provided his email address, he received an email from Eric Macias of Better Debt Solutions at that address. FAC ¶¶ 85–86.

Even accepting that allegation as true, it does not plausibly connect Better Debt Solutions to the other calls alleged in the FAC. Those calls allegedly came from different originating numbers, used different caller identities and trade names, and provided different callback numbers, none of which identified Better Debt Solutions. FAC ¶¶ 64–73. The alleged email may support an inference that Better Debt Solutions was connected to the June 4–5 interaction, but it does not support the further inference that Better Debt Solutions made, authorized, or was otherwise responsible *for every other call* alleged in the FAC.

The FAC alleges zero facts bridging that gap. Accordingly, any claim against Better Debt Solutions based on calls other than the June 4–5 interaction should be dismissed.

## V. **THE CLAIMS AGAINST GHAFARINIA AND GHANBARI SHOULD BE DISMISSED UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

On a motion to dismiss under Rule 12(b)(2), Plaintiff bears the burden of establishing personal jurisdiction over each defendant. Where, as here, the motion is decided on the pleadings without an evidentiary hearing, Plaintiff need only make a prima facie showing of personal jurisdiction, but conclusory allegations are insufficient. *Mestas,* 508 F. Supp. 3d at 1018.

Plaintiff bears the burden of establishing personal jurisdiction over each defendant. Specific jurisdiction requires that the defendant purposefully directed his activities at the forum and that the plaintiff's claims arise out of or relate to those forum contacts. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071–72 (10th Cir. 2008). The inquiry is defendant-specific and must focus on contacts created by the defendant himself, rather than contacts resulting from the unilateral activity of another person or entity. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904–05 (10th Cir. 2017).

The FAC does not allege facts showing that either Ghafarinia or Ghanbari purposefully directed the calls at issue toward New Mexico. Plaintiff alleges that they "directly participated in, authorized, and controlled" the telemarketing campaign, including by directing and authorizing calls, selecting markets "including New Mexico," controlling the dialing and message-delivery systems, and benefiting from the campaign. FAC ¶ 34. But the FAC does not identify any act by either individual showing how he selected New Mexico as a market, directed calls into New Mexico, instructed Range View or anyone else to call New Mexico residents, or otherwise targeted the forum through the alleged campaign. Plaintiff alleges that they purposefully directed conduct toward New Mexico, but does not plead the facts showing that they did so.

Their alleged corporate roles do not fill that gap. Plaintiff alleges that Ghafarinia and Ghanbari hold ownership or management positions in certain Defendant entities. FAC ¶¶ 26–27. Those positions may describe their relationship to the companies, but they do not establish what either individual personally did to create contacts with New Mexico. Specific jurisdiction must be based on each individual defendant's own suit-related contacts with the forum, not merely his association with an entity alleged to have forum contacts.

Plaintiff also cannot bridge that gap merely by attributing Range View's alleged calls to Ghafarinia and Ghanbari. The FAC alleges that Range View operated or caused the operation of the system used to place the calls and that Range View acted as the agent of the remaining Defendants. FAC ¶ 88. But, as discussed above, the FAC does not plead facts showing that Range View made the calls on behalf of and subject to the control of either Ghafarinia or Ghanbari. Without facts supporting that alleged agency relationship, Range View's alleged contacts with New Mexico do not establish that either individual purposefully directed his own conduct toward the forum.

*Mestas* illustrates what is missing here. There, the complaint contained specific allegations connecting the individual defendant to the telemarketing activity, including that he personally approved a telemarketing script and trade name, exercised control over the callers, and participated in conduct giving rise to the calls directed to the forum. *Mestas*, 508 F. Supp. 3d at 1023-1024. Here, by contrast, Plaintiff alleges that Ghafarinia and Ghanbari directed and controlled the campaign but does not allege facts identifying what either individual actually did to direct the challenged conduct toward New Mexico.

The FAC therefore does not plead defendant-specific facts showing that Ghafarinia or Ghanbari purposefully directed the conduct giving rise to Plaintiff's claims toward New Mexico.

Accordingly, the claims against Ghafarinia and Ghanbari should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

## VI. CONCLUSION

The FAC does not plead facts plausibly connecting the Moving Defendants to the calls at issue, either through their own conduct or a sufficiently pleaded agency relationship with Range View. Plaintiff's allegations of common ownership, corporate relationships, and a "common enterprise" do not cure those deficiencies. The FAC likewise fails to allege defendant-specific facts establishing that Ghafarinia or Ghanbari purposefully directed the conduct at issue toward New Mexico. Accordingly, Defendants respectfully request that the Court dismiss Counts I, II, and III against the Moving Defendants under Rule 12(b)(6), dismiss the claims against Ghafarinia and Ghanbari under Rule 12(b)(2), and grant such other relief as the Court deems appropriate.

PHILLIPS LAW CORPORATION

DATED: August 28, 2026

By: ***/s/ Brent R. Phillips***

Brent R. Phillips (NM Federal Bar No. 23-268)
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92701
E-MAIL:
bphillips@phillipslawcorporation.com

Attorneys for DEFENDANTS Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari.

## CERTIFICATE OF CONFERRAL

Pursuant to D.N.M.LR-Civ. 7.1(a), Defendants conferred with Plaintiff regarding the relief sought in this Motion. Defendants requested that Plaintiff concur in the dismissal of the First Amended Complaint as to all Defendants other than Range View Management LLC and Better Debt Solutions LLC, on the grounds stated in the Motion, including the failure to plead sufficient facts establishing direct or vicarious liability and personal jurisdiction. Plaintiff opposes the requested relief and the Motion.

*/s/ Brent R. Phillips*
Brent R. Phillips

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brent R. Phillips*
Brent R. Phillips