Brent R. Phillips (NM Federal Bar No. 23-268)
Jenniffer Cabrera (By Association)
PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705
TEL: (714) 573-4087
FAX: (714) 586-5499
E-MAIL: jc@jcabreralaw.com
E-MAIL: bphillips@phillipslawcorporation.com

Attorney for Defendants
BETTER DEBT SOLUTIONS LLC; RANGE VIEW MANAGEMENT LLC d/b/a LENDVIA; BETTER COMPANIES LLC; LendVia, LLC; MN MGMT LLC; RC MGMT LLC; MOHAMMAD GHAFARINIA; ARSALAN GHANBARI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| WILLIAM B. EVERTSEN,<br><br>Plaintiff,<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC;<br>RANGE VIEW MANAGEMENT LLC<br>d/b/a LENDVIA;<br>BETTER COMPANIES LLC;<br>LENDVIA LLC;<br>MN MGMT LLC;<br>RC MGMT LLC;<br>MOHAMMAD GHAFARINIA; and<br>ARSALAN GHANBARI,<br><br>Defendants. | **No. 2:26-cv-02076-KWR-KRS** |

**CORPORATE DEFENDANTS' STATUS REPORT**
**AND PROVISIONAL DISCOVERY PLAN**

This Report incorporates the relevant sections of Plaintiff's Separate Status Report and Provisional Discovery Plan (ECF No. 37) and separately identifies Defendants' positions on those issues where the parties are not in agreement.

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 27, 2026, at 2:00 p.m. Mountain Daylight Time, by telephone, and was attended by:

William B. Evertsen, pro se, for Plaintiff.

Brent R. Phillips, Esq., Phillips Law Corporation, for Defendants.

No other persons attended the conference.

**NATURE OF THE CASE**

Plaintiff: Plaintiff filed this action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to 57-1226. Plaintiff alleges that Defendants placed or caused to be placed a series of telephone calls to his cellular telephone line using an artificial or prerecorded voice, without his prior express consent, and while his number was listed on the National Do-Not-Call Registry. The First Amended Complaint pleads at least 85 connected calls and at least 33 additional non-connected call events. Plaintiff's Rule 26(a)(1) disclosures, served September 11, 2026, identify 86 connected calls and 30 attributable non-connected call events and set out the computation of statutory damages. Defendants dispute Plaintiff's allegations.

Plaintiff moved for entry of default against the six entity Defendants on July 22, 2026 (ECF No. 15), and the Clerk entered default on July 23, 2026 (ECF No. 16). Defendants moved to set aside the entry of default on August 2, 2026 (ECF No. 17); Plaintiff did not oppose that motion, and the Court granted it on September 18, 2026 by text-only order. Defendants filed an Answer to the original Complaint at ECF No. 18 on August 2, 2026. Plaintiff filed the First Amended

Complaint at ECF No. 21 on August 6, 2026. Defendants moved to dismiss the First Amended Complaint at ECF No. 24 on August 27, 2026, and withdrew that motion on September 14, 2026 (ECF No. 28). The six entity Defendants answered the First Amended Complaint the same day (ECF No. 29). On September 17, 2026, Defendants Mohammad Ghafarinia and Arsalan Ghanbari moved to dismiss the claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) (ECF No. 31). Plaintiff filed a Notice of Non-Opposition to that motion on September 18, 2026 (ECF No. 35), to the extent it seeks dismissal without prejudice, reserving the right to seek leave under Rule 15 to rejoin those Defendants should discovery develop facts supporting personal jurisdiction. That motion remains pending. Plaintiff's motion to set a scheduling conference (ECF No. 30) was filed September 16, 2026. The Court entered the Initial Scheduling Order on September 18, 2026 (ECF No. 33) and, that same day, found the motion moot by text-only order.

<u>Defendants</u>: Defendants Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, Mohammad Ghafarinia, and Arsalan Ghanbari (collectively, "Defendants"), contest Plaintiff's allegations that they placed or caused the calls alleged by Plaintiff and deny liability under the TCPA or New Mexico Unfair Practices Act. Defendants contend that the First Amended Complaint does not identify who actually placed the calls and does not allege facts connecting each Defendant to the calls or establishing that any Defendant is liable for the conduct of the unidentified callers.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiff intends to file:**

<u>Plaintiff</u>: Plaintiff does not presently intend to amend the pleadings. Plaintiff anticipates that written discovery will identify additional entities and individuals involved in the calling campaign, including lead vendors, dialing-platform vendors, call centers, and non-party Better

Lead Generation LLC, and reserves the right to seek joinder once those identities are known. The identities of those persons are within Defendants' knowledge and are not presently available to Plaintiff, and joinder cannot be evaluated until Defendants' responses to Plaintiff's first sets of written discovery are received. Plaintiff's proposed deadlines below are set to follow those responses.

Plaintiff should be allowed until January 8, 2027 to move to amend the pleadings and until January 8, 2027 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a), 20, and 21, as applicable. Defendants reserve all objections to any proposed amendment or joinder.

**Defendants intend to file:**

Defendants: Defendants anticipate filing such responsive pleadings, dispositive motions, and other motions as may be appropriate under the Federal Rules of Civil Procedure and the Court's orders. Defendants should be allowed until January 8, 2027 to move to amend the pleadings and until January 8, 2027 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a), 20, and 21, as applicable.

## STIPULATIONS

Plaintiff and Better Debt Solutions LLC, Range View Management LLC d/b/a LendVia, Better Companies LLC, LendVia LLC, MN MGMT LLC, RC MGMT LLC, (collectively, "Corporate Defendants"), hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction over Plaintiff, Corporate Defendants and the subject matter.

Individual Defendants, Mohammad Ghafarinia and Arsalan Ghanbari, moved to dismiss the claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) (ECF No.

31). Plaintiff filed a Notice of Non-Opposition to that motion on September 18, 2026 (ECF No. 35).

**The parties are willing to further stipulate the following facts:**

Defendants: The parties have not reached an agreement on any additional stipulated facts at this time. Discovery is ongoing and may identify facts to which the parties can stipulate as the case progresses.

Plaintiff: Plaintiff is willing to further stipulate to the following facts:

1. Plaintiff's telephone number is assigned to a cellular telephone service.
2. Plaintiff's telephone number has been listed on the National Do-Not-Call Registry since January 19, 2012.
3. The carrier billing statements produced by Plaintiff are authentic business records of the carrier.

**The parties further stipulate and agree that the law governing this case is:**

47 U.S.C. § 227 and its implementing regulations at 47 C.F.R. § 64.1200; and NMSA 1978, §§ 57-12-1 to 57-12-26.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends that Defendants, and persons acting on their behalf, placed or caused to be placed 86 connected calls to Plaintiff's cellular line, each using an artificial or prerecorded voice, without Plaintiff's prior express consent and for no emergency purpose, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and that at least 30 additional non-connected call events are attributable to the same campaign.

Plaintiff contends that the calls were telephone solicitations placed to a number listed on the National Do-Not-Call Registry for more than thirty-one days, and that Defendants failed to maintain and honor an internal do-not-call list and the written procedures required by 47 C.F.R. § 64.1200(d), in violation of 47 U.S.C. § 227(c)(5). Plaintiff contends he requested removal by keypad on the first call, on January 28, 2026, and that 85 further connected calls followed.

Plaintiff further contends that the same conduct violates NMSA 1978, § 57-12-22(A), (B)(1), (C)(1), and (C)(2), and constitutes unfair or deceptive trade practices under § 57-12-3, in that the calls used an automated dialing system with a prerecorded message absent an established business relationship and consent, failed to disclose the sponsor's identity and the primary purpose of the call, solicited a registered subscriber, and transmitted substituted or inaccurate caller identification information.

Plaintiff contends that the entity Defendants operated as a common enterprise and that each is liable directly or derivatively for calls placed on its behalf, and that the individual Defendants are liable for their personal participation in, authorization of, and control over the conduct.

Plaintiff contends the violations were knowing and willful, supporting trebled damages, based on Plaintiff's opt-out request during the first call and the calls that followed it, and on Defendants' prior federal litigation and state regulatory history concerning the same practices, all predating the calls to Plaintiff. Plaintiff contends he gave no prior express consent in any form and that no Defendant has produced a record of consent.

## DEFENDANTS' CONTENTIONS

Defendants deny Plaintiff's allegations and deny that they violated the TCPA, the New Mexico Unfair Practices Act, or any implementing regulation. Defendants further deny that Plaintiff is entitled to statutory, treble, injunctive, or other relief.

Defendants contend that Plaintiff has not established who placed the calls at issue or that the alleged calls are attributable to each of the Defendants. The alleged calls did not identify the entity responsible for placing them, and Plaintiff relies substantially on alleged corporate relationships and affiliations to attribute the calls collectively to multiple separate entities and individuals.

Defendants further contend that Plaintiff has not established a factual basis for imposing direct or vicarious liability on each Defendant. Defendants dispute Plaintiff's allegations that the Corporate Defendants operated as a common enterprise or that any Defendant is liable merely by virtue of an alleged ownership, management, contractual, or other corporate relationship with another Defendant. Defendants further dispute that an agency relationship existed sufficient to attribute the alleged conduct of one entity or any unidentified caller to another Defendant.

Defendants dispute Plaintiff's allegations concerning the number, source, nature, and purpose of the alleged calls; the use of prerecorded or artificial voices or automated dialing systems; the alleged do-not-call requests and violations; caller-identification information; consent; and the other factual predicates necessary to establish Plaintiff's claims under the TCPA and New Mexico law.

Defendants deny that any alleged violation was knowing or willful and dispute that Plaintiff is entitled to treble or enhanced damages. Defendants further dispute that unrelated litigation or regulatory matters establish knowledge, willfulness, or liability for the calls alleged in this action.

Finally, Defendants Mohammad Ghafarinia and Arsalan Ghanbari contend that the Court lacks personal jurisdiction over them because Plaintiff has not established that either Individual Defendant personally directed the alleged conduct toward New Mexico or otherwise has sufficient suit-related contacts with New Mexico to support the exercise of personal jurisdiction.

## PROVISIONAL DISCOVERY PLAN

**The parties jointly propose to the Court the following discovery plan: (Use separate paragraphs or subparagraphs as necessary if parties disagree.)**

**Plaintiff's Witnesses**

1. William B. Evertsen, Plaintiff, 1300 South Sandburg Drive, Deming, New Mexico 88030. Receipt of the calls and voicemail messages; the content of the prerecorded messages, including the personas, trade names, callback numbers, and loan terms delivered; use of the keypad opt-out on January 28, 2026, and the calls that followed; registration of the cellular line on the National Do-Not-Call Registry; the absence of consent, inquiry, application, or any established business relationship; the June 2026 contacts; preservation of records; and the harm alleged.
2. Mohammad "Matt" Ghafarinia, Defendant, 2525 Main Street, Suite 500, Irvine, California 92614. Ownership, management, and control of the entity Defendants; authorization of and participation in the calling campaign; the relationship among the Defendant entities and nonparty Better Lead Generation LLC; and knowledge of prior federal actions and state regulatory proceedings concerning the same practices.

   <u>Defendants</u>: Defendants object to Plaintiff's identification of Mohammad Ghafarinia and Arsalan Ghanbari as anticipated witnesses. Both individuals moved to dismiss the claims against them for lack of personal jurisdiction (ECF No. 31), and Plaintiff expressly declined to oppose their dismissal (ECF No. 35). Although the Court has not yet ruled on that motion, Plaintiff has not identified a sufficient basis for including these individuals as anticipated witnesses concerning the remaining claims against the Corporate Defendants.

Defendants reserve all objections to any discovery directed to these individuals, including objections based on relevance, burden, and proportionality.

3. Arsalan Ghanbari, Defendant, 2525 Main Street, Suite 500, Irvine, California 92614. Same subjects as those described for Defendant Ghafarinia above.

   Defendants: Defendants object to Plaintiff's identification of Mohammad Ghafarinia and Arsalan Ghanbari as anticipated witnesses. Both individuals moved to dismiss the claims against them for lack of personal jurisdiction (ECF No. 31), and Plaintiff expressly declined to oppose their dismissal (ECF No. 35). Although the Court has not yet ruled on that motion, Plaintiff has not identified a sufficient basis for including these individuals as anticipated witnesses concerning the remaining claims against the Corporate Defendants. Defendants reserve all objections to any discovery directed to these individuals, including objections based on relevance, burden, and proportionality.

4. Eric Macias, believed affiliated with Better Debt Solutions LLC, c/o Better Debt Solutions LLC, 2525 Main Street, Suite 500, Irvine, California 92614. The identity, structure, and operations of the entities responsible for the campaign; his written communication with Plaintiff; and Defendants' lead sourcing, dialing, and call-transfer practices.

5. Corporate representatives of each entity Defendant under Fed. R. Civ. P. 30(b)(6), c/o Defendants' counsel of record. The dialing system and its records; call origination, routing, and caller identification practices; the prerecorded scripts and their approval; the toll-free callback numbers; lead acquisition and consent records; internal do-not-call policies, procedures, training, and suppression lists; the transfer of connected calls to live representatives and the location and employment of those representatives; and the relationships among the Defendant entities.

6. Custodians of records for the originating and intermediate voice service providers, the Responsible Organizations for the toll-free numbers, and any lead, consent-verification, dialing-platform, or call-center vendor, whose identities are presently unknown to Plaintiff and are expected to be identified through discovery. Call detail records, provisioning and routing records, and authentication data.
7. Custodian of Records, Cellco Partnership d/b/a Verizon Wireless, through its registered agent. Billing statements and call detail records for Plaintiff's cellular line.
8. Any witness identified by Defendants or disclosed through discovery. Plaintiff reserves the right to supplement.

**Defendants' Witnesses**

1. William B. Evertsen, Plaintiff, 1300 South Sandburg Drive, Deming, New Mexico 88030. The telephone number at issue, including its ownership, subscription, registration, personal and/or business use; Plaintiff's ownership and operation of Evertsen Enterprises LLC; the alleged calls and communications; Plaintiff's alleged opt-out requests; consent and prior inquiries or business relationships, if any; Plaintiff's records concerning the alleged calls; and the nature and extent of Plaintiff's alleged damages.
2. Corporate representatives, employees, and/or custodians of records of the Corporate Defendants. Matters within their personal knowledge or within the knowledge of the respective Corporate Defendant relevant to Plaintiff's allegations and Defendants' defenses.
3. Representatives or custodians of records of Evertsen Enterprises LLC, 1300 South Sandburg Drive, Deming, New Mexico 88030-5556. The business's operations and records

relevant to the telephone number at issue, including the ownership, subscription, publication, advertising, and personal or business use of that number.

4. Corporate Representative for Verisk Analytics, 545 Washington Boulevard, Jersey City, NJ 07310-1686. This representative may have knowledge concerning Plaintiff's consent to receive telephone communications, including the consent verification records associated with Plaintiff and/or his telephone number, the source and collection of the consent information, the date and manner in which consent was captured, and the authentication, verification, and maintenance of the related records.
5. Corporate Representative for website, The Senior Quotes. This representative may have knowledge concerning the operation of the website through which Plaintiff's consent was obtained, including the relevant webpage and consent language, the submission of Plaintiff's information, the manner in which consent was captured and recorded, and the associated timestamps, IP address, and other records relating to Plaintiff's submission.
6. Third-party witnesses and custodians of records identified through discovery, including telecommunications carriers, service providers, lead providers, communications or dialing service providers, and other persons or entities possessing information relevant to the alleged calls, the telephone number at issue, consent, call origination or routing, or attribution.
7. Any witness identified by Plaintiff or otherwise identified through discovery whose testimony is relevant to the claims or defenses in this action.
8. Defendants reserve the right to supplement or amend this witness list as discovery proceeds.

**Plaintiff's Exhibits**

Plaintiff identifies the following exhibits on a preliminary basis. The list is subject to supplementation, and the listing of an item is not a concession of its admissibility.

1. Carrier billing statements for Plaintiff's cellular line, January through July 2026.
2. Summary of those statements prepared under Fed. R. Evid. 1006, tabulating each connected call by date, time, originating number, duration, and bill citation.
3. Audio recordings of the prerecorded and automated calls received on Plaintiff's cellular line.
4. Voicemail messages deposited on Plaintiff's cellular line.
5. Device call-log records and screen captures of call events not appearing in carrier billing statements.
6. National Do-Not-Call Registry registration records.
7. Written communications between Plaintiff and any person acting on behalf of Defendants.
8. Results of Plaintiff's Responsible Organization queries for the toll-free callback and originating numbers.
9. Corporate and registration records of the Defendant entities obtained from state filing authorities.
10. Publicly filed pleadings and orders from other proceedings concerning Defendants' telemarketing practices, and the state regulatory consent order referenced in the First Amended Complaint.
11. Documents produced by Defendants and by non-parties in discovery, including without limitation call detail records, dialing system records, prerecorded audio and scripts, lead and consent records, and do-not-call records.
12. Any exhibit identified by Defendants. Plaintiff reserves the right to supplement.

**Defendants' Exhibits**

1. Records relating to the telephone number at issue, including carrier billing statements, account and subscriber records, call detail records, device records, and other records reflecting the ownership, subscription, registration, and use of the telephone number.
2. Records of Evertsen Enterprises LLC relevant to the telephone number at issue, including business records, advertisements, websites, directories, customer communications, telephone records, and other materials reflecting the ownership, publication, payment for, or personal and/or business use of the telephone number.
3. Plaintiff's communications, recordings, voicemail messages, call logs, screen captures, notes, summaries, and other materials relating to the calls and communications alleged in the First Amended Complaint.
4. Records concerning Plaintiff's registration of the telephone number on the National Do-Not-Call Registry and any internal do-not-call or opt-out requests allegedly made by Plaintiff.
5. Records reflecting Plaintiff's Verisk Marketing Solutions Consent to receive telephone communications, including consent verification information, the date and time of consent, the source of the consent, and associated identifying information.
6. Records concerning the TheSeniorQuotes.com Website through which Plaintiff's consent was obtained, including the relevant webpage, consent language, submission information, consent-capture records, timestamps, IP address, and related information concerning Plaintiff's submission.

7. Records and communications concerning any inquiry, application, lead, consent, authorization, or prior business relationship associated with Plaintiff or the telephone number at issue.
8. Corporate records, business records, agreements, communications, policies, procedures, and other documents of the Defendants relevant to Plaintiff's allegations and Defendants' defenses.
9. Records obtained from telecommunications carriers, Responsible Organizations, service providers, lead providers, dialing or communications service providers, and other third parties concerning the origination, routing, ownership, provisioning, or attribution of the alleged calls and telephone numbers at issue.
10. Documents produced by Plaintiff, or third parties during discovery.
11. Pleadings, discovery responses, deposition transcripts, declarations, and other materials from this action that may properly be used as evidence.
12. Any exhibit identified by Plaintiff, to the extent relevant and otherwise admissible. Defendants reserve the right to supplement or amend their exhibit list as discovery proceeds.

**Experts**

Plaintiff: Plaintiff has not retained an expert at this time. Plaintiff anticipates that expert testimony may be required in the field of telecommunications and automated dialing systems, addressing the interpretation of call detail records, call origination and routing, caller identification substitution and number rotation, and call authentication data; and in the field of digital forensics, addressing the authenticity, origin, metadata, and system-of-origin characteristics of any record Defendants contend evidences Plaintiff's consent. Plaintiff will serve the expert identification

disclosure described under Other Items by August 27, 2027 and the report required by Fed. R. Civ. P. 26(a)(2)(B) by September 1, 2027, subject to the Court's approval of the proposed procedure, and will supplement this section.

Defendants: Defendants have not retained or designated any expert witness at this time. Defendants will determine whether expert testimony is necessary after further discovery and review of Plaintiff's claims, records, and expert disclosures. Defendants reserve the right to retain experts in telecommunications, call-record analysis, digital forensics, consent, damages, or other fields relevant to the claims and defenses in this action, and will make expert disclosures in accordance with the deadlines established by the Court.

**Discovery will be needed on the following subjects:**

Plaintiff: The identity of the entity or entities that placed or caused the calls; the dialing system used and the records it generated; call origination, routing, and transfer, including the identity, employer, and physical work location of live representatives; the provisioning and routing of the toll-free callback and originating numbers; caller identification configuration, substitution, and number rotation; the prerecorded scripts, their approval, and the personas and trade names used; the source of Plaintiff's telephone number and any record Defendants contend evidences Plaintiff's consent, including its origin, its metadata, and the identity and records of any vendor that generated or maintains it; internal do-not-call policies, procedures, training, suppression lists, and the processing of Plaintiff's opt-out request; the relationships, common control, shared personnel and systems, and flow of funds among the Defendant entities and non-party Better Lead Generation LLC; the personal participation, authorization, and knowledge of the individual Defendants; and Defendants' knowledge of prior actions and regulatory proceedings.

Defendants: The factual and evidentiary basis for Plaintiff's contention that the alleged calls were placed by, on behalf of, or are otherwise attributable to any Defendant including the number, dates, source, content, and circumstances of the calls Plaintiff attributes to Defendants, the records and other evidence upon which Plaintiff relies to establish such attribution and the basis for Plaintiff's contention that each Defendant is directly or vicariously liable for the alleged calls.

Discovery will also be needed concerning Plaintiff's telephone number, including its ownership, subscription, registration, and personal and/or business use; Plaintiff's ownership and operation of Evertsen Enterprises LLC and use of the telephone number in connection with that business, Plaintiff's alleged registration on the National Do-Not-Call Registry and opt-out requests. Further, discovery will be needed regarding Plaintiff's consent, inquiry, application, or prior business relationship associated with Plaintiff or the telephone number and the nature and extent of Plaintiff's alleged damages.

**Numeric limits**

Plaintiff: Interrogatories. Plaintiff served first sets of interrogatories on the six entity Defendants on October 13, 2026 (ECF No. 36), each within the limit of Fed. R. Civ. P. 33(a)(1) (22 interrogatories to Better Debt Solutions LLC and to Range View Management LLC; 20 to each of the other four). Plaintiff proposes that the total number of interrogatories served by each party on any other party, inclusive of the first sets served October 13, 2026, be 35; that is, 35 in total by Plaintiff to each Defendant and 35 in total by each Defendant to Plaintiff. Plaintiff further proposes that the scheduling order provide that, for purposes of that limit and of Rule 33(a)(1), an interrogatory asking about a single subject is counted as one interrogatory even though it requests that particulars be stated for each item within the subject, consistent with the 1993 advisory

committee note to Rule 33, and that subparts logically or factually subsumed within and necessarily related to the primary question are not counted separately. The interrogatories Plaintiff anticipates serving under the proposed limit are set out in Exhibit A, with the Defendant to which each would be directed and the number each would carry under D.N.M.LR-Civ. 26.1(a)(2); if every question in Exhibit A were served, Better Debt Solutions LLC would have received 26 interrogatories and Range View Management LLC 29. Plaintiff proposes a limit above the presumptive number because the case involves six entity Defendants whose respective roles in the campaign are presently known only to Defendants. Plaintiff will file a motion under D.N.M.LR-Civ. 26.5(b) before serving any set above the Rule 33(a)(1) limit unless the scheduling order sets the limit. (Responses due 30 days after service.)

Requests for admission: no numeric limit. Plaintiff anticipates a set under Rule 36(a)(1)(B) directed to the genuineness of documents, one request per exhibit, whose size cannot be fixed before exhibits are selected. (Responses due 30 days after service.)

Maximum of 16 depositions by Plaintiff and 10 by Defendants. Plaintiff proposes a limit above the presumptive number in Fed. R. Civ. P. 30(a)(2)(A)(i) because a corporate representative of each of the six entity Defendants, the two individual Defendants, and one identified non-party witness would substantially consume the presumptive limit before any vendor, carrier, Responsible Organization, or call-center witness is deposed.

Each deposition to be limited to a maximum of 7 hours unless extended by agreement of the parties. For purposes of this durational limit, the deposition of each person designated under Fed. R. Civ. P. 30(b)(6) is to be treated as a separate deposition. See Fed. R. Civ. P. 30 advisory committee's note to the 2000 amendment

Defendants: Maximum of 35 interrogatories by each party to any other party, that is, thirty-five (35) by Plaintiff to each Defendant and thirty-five (35) by each Defendant to Plaintiff. (Responses due 30 days after service.)

Maximum of 40 requests for admission by each party to any other party. (Responses due 30 days after service.)

Maximum of 10 depositions by Plaintiff and 10 by Defendants. The parties will comply with the deposition limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(i), absent stipulation of the parties or further order of the Court.

Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties. For purposes of this durational limit, the deposition of each person designated under Fed. R. Civ. P. 30(b)(6) is a separate deposition. See Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment.

**Reports from retained experts under Rule 26(a)(2) due:**

from Plaintiff by September 1, 2027. (The parties' proposal)

from Defendants by October 1, 2027. (Defendants' proposal)

Rebuttal disclosures under Fed. R. Civ. P. 26(a)(2)(D)(ii) due October 30, 2027.

(Defendants' proposal)

Plaintiff: In accordance with the Initial Scheduling Order, Plaintiff states the following. Fact discovery is to be completed by August 13, 2027, which precedes the September 1, 2027 deadline for expert reports. Expert discovery is to commence on August 27, 2027, the date of the expert identification disclosures described under Other Items, and to conclude on October 22, 2027. Plaintiff does not oppose sequential ordering of fact and expert discovery. The August 27, 2027 identification date and the October 22, 2027 close of expert discovery were addressed at the

August 27, 2026 conference. The September 1, 2027 report date is Plaintiff's proposal; Defendants did not propose a report date. The October 1, 2027 rebuttal date is Plaintiff's proposal and follows the default period in Rule 26(a)(2)(D)(ii).

Defendants: In accordance with the Initial Scheduling Order, Defendants request the following: Fact discovery is to be completed by August 13, 2027. Expert reports under Fed. R. Civ. P. 26(a)(2)(B) due as follows: Plaintiff Report by September 1, 2027, Defendants' Report by October 1, 2027 and Rebuttal disclosures under Fed. R. Civ. P. 26(a)(2)(D)(ii) due November 1, 2027. The parties have agreed to propose an expert discovery completion date of November 9, 2027 and a deadline for pretrial motions, excluding motions in limine, of December 17, 2027.

**Supplementation under Rule 26(e) due:**

Joint: Supplementation under Rule 26(e) shall be made within 30 days after a party learns that a prior disclosure or response is materially incomplete or incorrect. This provision does not limit the continuing duty under Rule 26(e)(1). No later than 60 days before the close of fact discovery, each party shall review its disclosures and discovery responses and serve any supplementation then required.

**Discovery completion**

Defendant: All discovery commenced in time to be completed by November 1, 2027.

Joint: Discovery on the identity of the entity or entities that placed or caused the calls, the source of Plaintiff's telephone number, and the identity of any lead, consent-verification, dialing-platform, or call-center vendor, to be completed by March 12, 2027.

**Other Items: (Use separate paragraphs or subparagraphs as necessary if other parties disagree.)**

1. Initial disclosures. Plaintiff: At the August 27, 2026 conference, Plaintiff and Mr. Phillips agreed that initial disclosures under Fed. R. Civ. P. 26(a)(1) would be exchanged on September 11, 2026. Plaintiff served his disclosures on September 11, 2026, and filed a certificate of service (ECF No. 26). Defendants' counsel later wrote that Defendants did not agree that September 11 was an agreed date. The six entity Defendants served their disclosures on October 2, 2026. Defendants Ghafarinia and Ghanbari have not served disclosures. Rule 26(a)(1)(C) and the Initial Scheduling Order required those disclosures within 14 days of the Rule 26(f) conference, and no order has relieved them of that obligation. On October 4, 2026, Plaintiff wrote to Defendants' counsel identifying five respects in which the entity Defendants' disclosures did not satisfy Rule 26(a)(1)(A), including that the disclosures identify no individual with knowledge of any entity Defendant's operations under subsection (A)(i), stating "individual(s) presently being determined" for each of the six entities and naming only Eric Macias as to his communications with Plaintiff, and requested a response by October 16, 2026. No response was received. Plaintiff requests that the scheduling order set a date certain for supplementation of Defendants' Rule 26(a)(1) disclosures. (Plaintiff's proposal as to the date certain.)

   Defendants: On October 2, 2026, the Corporate Defendants served their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The Corporate Defendants are continuing to identify specific individuals with knowledge of the matters disclosed and will

supplement their Initial Disclosures with the names of those individuals as the information becomes reasonably available, consistent with their obligations under Rule 26(e).

2. Expert disclosures. Joint: The parties discussed a bifurcated expert disclosure procedure, subject to the approval of the Court under Fed. R. Civ. P. 16(b)(3)(B)(i) and 26(a)(2)(D). Each party would first serve an expert identification disclosure by August 27, 2027, identifying any expert witness it expects to call, the subject matter or topics on which the witness is expected to opine, and the witness's rates, including hourly consultation rate and deposition and trial rates.

   Plaintiff: Plaintiff proposes that full reports under Fed. R. Civ. P. 26(a)(2)(B) follow on September 1, 2027.

   Defendants: Full reports under Fed. R. Civ. P. 26(a)(2)(B) will follow on the date set above as follows: Plaintiff Report by September 1, 2027, Defendants' Report by October 1, 2027 and Rebuttal disclosures under Fed. R. Civ. P. 26(a)(2)(D)(ii) due November 1, 2027.

3. Plaintiff: The parties discussed an expert discovery completion date of October 22, 2027 and a deadline for pretrial motions, excluding motions in limine, of December 10, 2027.

   Defendants: The parties have agreed to propose an expert discovery completion date of November 9, 2027 and a deadline for pretrial motions, excluding motions in limine, of December 17, 2027.

4. Discovery disputes. The parties have agreed that discovery disputes should, where possible, be raised through an informal conference with the Court rather than through full motion practice.

5. Service. The parties discussed service of documents not filed through CM/ECF by electronic mail. Both parties are registered CM/ECF users, and filed documents will be served through the system.

6. Third-party discovery. The parties discussed an extended fact discovery period in light of the number of Defendants and Plaintiff's anticipated third-party discovery. Plaintiff anticipates serving subpoenas under Fed. R. Civ. P. 45 on two non-party Responsible Organizations, with notice to Defendants under Rule 45(a)(4), and anticipates further subpoenas to voice service providers and vendors. Because each return is expected to identify the target of the next subpoena rather than the ultimate originator, Plaintiff requests a discovery period sufficient to accommodate serial third-party process.

7. Preservation. Plaintiff: At the Rule 26(f) conference, Plaintiff offered to serve a written preservation demand. Defendants' counsel declined the written demand and stated that Defendants intend to preserve everything, that nothing will be destroyed, and that Defendants cannot use material they do not produce. Plaintiff confirmed that representation in writing on August 27, 2026 and relies on it. Plaintiff understands the representation to reach dialing system records and call detail records; audio recordings and prerecorded message files; interactive voice response and keypress logs; caller identification and number-rotation configuration; lead acquisition and consent records; internal do-not-call and suppression records; records relating to the toll-free callback numbers; communications among Defendants concerning the campaign; records of joint corporate events; the Defendant entities' social-media account and post history; and the custodial files of the individual Defendants. Plaintiff further understands the representation to include suspension of any automatic deletion applicable to those systems and notification

to any third-party vendor holding responsive records. Plaintiff reserves the right to seek appropriate relief if relevant materials are not preserved or produced.

Defendants: The parties agreed to preserve documents and electronically stored information relevant to the claims and defenses in this action in accordance with their respective preservation obligations.

8. Protective Order. Plaintiff: Plaintiff proposes that the parties submit a stipulated protective order governing confidential material, including call detail records produced by non-party voice service providers, which those providers condition on entry of a protective order.

   Defendants: Defendants do not oppose entry of an appropriate stipulated protective order governing the disclosure and use of confidential information, including call detail records produced by non-party telecommunications providers. Defendants are willing to confer with Plaintiff regarding the terms of such an order, subject to review and agreement on its scope and provisions. Defendants reserve all objections to the relevance, scope, and production of any particular records sought in discovery.

9. Rule 502(d). Plaintiff: Plaintiff proposes that the Court enter an order under Fed. R. Evid. 502(d) governing the effect of production of privileged or protected material, and that the order be included in the scheduling order pursuant to Fed. R. Civ. P. 16(b)(3)(B)(iv).

   Defendants: Defendants do not believe that a Fed. R. Evid. 502(d) provision is necessary in the scheduling order at this time. If issues concerning the production of privileged or protected materials arise during discovery, the parties may confer regarding an appropriate order.

10. Electronically stored information. Plaintiff: Plaintiff proposes that the parties submit a protocol governing the disclosure, discovery, and production of electronically stored

information, and that it be included in the scheduling order pursuant to Fed. R. Civ. P. 16(b)(3)(B)(iii). Plaintiff proposes that structured data, including call detail records, be produced in native or delimited export format with field definitions and a statement of the applicable time zone; that audio recordings be produced in the format maintained, with associated metadata and an index identifying the call to which each file corresponds; and that ordinary documents be produced in searchable form with attachments and family relationships preserved. Plaintiff proposed these terms on August 31, 2026 and has received no response. The Initial Scheduling Order directs the parties to exchange views on these subjects under Rule 26(f).

Defendants: Defendants do not believe that a separate electronically stored information protocol or additional provisions in the scheduling order are necessary at this time. The Federal Rules of Civil Procedure adequately address the production of electronically stored information. Defendants are willing to meet and confer regarding the format and manner of production of particular categories of electronically stored information as those issues arise during discovery.

11. Stay of discovery. Plaintiff: Plaintiff does not agree to a stay of discovery. On September 15, 2026, Defendants' counsel stated that Defendants would request a stay of discovery pending the ruling on ECF No. 31. As of the date of this report, no motion to stay has been filed. Plaintiff's Notice of Non-Opposition (ECF No. 35) is not consent to a stay. ECF No. 31 concerns only Defendants Ghafarinia and Ghanbari. The six entity Defendants have answered the First Amended Complaint, no jurisdictional challenge is pending as to any of them, and Plaintiff served his first sets of interrogatories, requests for production, and requests for admission on each of them on October 13, 2026 (ECF No. 36). No rule

provides for an automatic stay. Carrier and Responsible Organization records are subject to finite retention periods, and delay risks irretrievable loss.

Defendants: Defendants have not moved to stay discovery and are not requesting a stay of discovery at this time. Accordingly, Defendants do not believe there is any discovery-stay issue requiring resolution by the Court.

## PRETRIAL MOTIONS

**Plaintiff intends to file:**

1. Motions to compel discovery under Fed. R. Civ. P. 37(a) and D.N.M.LR-Civ. 37.1, if necessary.
2. Motions to compel compliance with subpoenas issued to non-parties under Fed. R. Civ. P. 45, if necessary.
3. A motion for a protective order under Fed. R. Civ. P. 26(c), if the parties are unable to submit a stipulated order.
4. A motion to determine the sufficiency of answers or objections to requests for admission under Fed. R. Civ. P. 36(a)(6), if necessary.
5. A motion for leave to amend and to join additional parties under Fed. R. Civ. P. 15 and 21, if discovery identifies additional entities or individuals involved in the calling campaign.
6. A motion for partial summary judgment under Fed. R. Civ. P. 56.

Plaintiff reserves the right to file such further motions as become necessary based on Defendants' responses to discovery and on the disposition of the motion at ECF No. 31.

**Defendants intend to file:**

Defendants anticipate filing dispositive and other pretrial motions as appropriate based on the claims, defenses, and record developed through discovery. Motions in limine shall be filed in accordance with the deadlines established by the Court. Defendants reserve the right to file motions concerning discovery, admissibility of evidence, expert testimony, and other matters as necessary and permitted by the Federal Rules of Civil Procedure, the Local Rules, and orders of the Court.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

____ This is a non-jury case. __X__ This is a jury case.

The parties request a pretrial conference in April 2028.

## SETTLEMENT

Plaintiff: Plaintiff's position is that settlement cannot be meaningfully evaluated before the completion of initial written discovery, responses to which are due November 12, 2026. Plaintiff requests a settlement conference in April 2027, after the identity-phase discovery date of March 12, 2027, by which time the initial written discovery and the identity-phase returns are expected to be in hand.

Defendants: Defendants believe that settlement discussions may be productive as discovery progresses. The parties will continue to explore opportunities for an amicable resolution of this matter and remain willing to participate in a settlement conference at an appropriate time.

## EXCEPTIONS

Defendant identified the separate provisions to which the parties were unable to reach agreement at this time.

PHILLIPS LAW CORPORATION

DATED: October 22, 2026

By: ***/s/ Jenniffer Cabrera***

Jenniffer Cabrera (By Association)
Brent R. Phillips (NM Federal Bar No. 23-268)
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92701
E-MAIL: jc@jcabreralaw.com
bphillips@phillipslawcorporation.com

Attorneys for DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera