**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Kevin R. Sweazea
United States Magistrate Judge

**CLERK'S MINUTES**

*Evertsen v. Better Debt Solutions, LLC, et al.*
2:26-cv-2076-KWR-KRS

---

**Wednesday, October 28, 2026**

**Plaintiff's Attorney:** William Evertsen, Pro Se

**Defendants' Attorneys**: Jenniffer Cabrera

**Proceeding**: Telephonic Rule 16 Conference

**Start Time:** 10:29 a.m.
**Stop Time:** 10:42 a.m.
**Total Time:** 13 minutes

**Clerk:** LDM

**NOTES**

- The Court greets the parties and enters their appearances.

- For the most part, the Court adopts the agreed dates and deadlines in the parties' separately filed Joint Status Reports and Provisional Discovery Plans with slight modifications, and sets the remaining dates and deadlines.

- The Court observes that there were many items included in the parties' reports that are not of the type normally addressed during a Rule 16 scheduling conference, but those matters can be addressed at another time if necessary.

- The Court instructs the parties about its informal discovery conference process. If a discovery dispute arises that might be resolved more quickly and efficiently without filing a motion and having to wait for briefing on the motion to be completed and the Court to issue a written ruling, the parties should first meet and confer over the dispute, and then, if they are unable to resolve the matter, email Chambers briefly stating what the dispute is about and requesting an informal discovery conference. The Court reminds the parties that before filing a discovery motion, or even before requesting an informal discovery conference, the parties must meet and confer in an effort to resolve the issue, or at least narrow it down, before getting the Court involved, and that a meet-and-confer requires that the parties actually converse in real time, whether over the phone or in person, rather than simply exchange written emails or letters. It's

not just a formal requirement. There has to be some indication that the parties made a real effort to resolve the issue on their own.

- The Court also notes that the parties' reports mentioned an agreed confidentiality or protective order. If the parties can agree on the terms of such an order, they should file an agreed or joint motion for entry of a protective order to which they attach their proposed order.

- After consultation with the parties, the Court states it will not enter an order setting a remote settlement conference at this time, but will wait until after the parties have engaged in some discovery. The Court will set a status on March 3, 2027 at 9:30 a.m. to discuss whether a settlement conference should be scheduled at that time.

- There being nothing further, the Court adjourns.